## Wallace v. Wallace's Extx., et al.

(Decided October 3, 1912.)

### Appeal from Fayette Circuit Court.

Land—Sale of Under Section 490 Civil Code—Regularity of—Vested Estate.—Where a wife became the owner of land prior to the act of 1894, and died after the passage of the act, leaving her husband and two children, and the husband sold his life estate, claiming it to be only one-third, to W. and the older child, upon arriving at age also sold his interest to W., in an action by W. against the other child, the court correctly held that the life estate purchased had merged into the fee purchased from the son. While the husband owned a life estate in the whole of the property. the act of 1894 not applying, he had a right to renounce his rights under the old statute and surrender to his children the property given them by the act of 1894, and the presumption that he did this is conclusive as he sold to W. a third interest, and admitted in his pleadings that this constituted his entire interest.

GEORGE W. VAUGHN for appellant.

ALLEN & DUNCAN for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was instituted under section 490 of the Civil Code of Practice, for the sale of a house and lot in Lexington, Kentucky, because the property could not be divided among the owners without materially impairing its value. The property was sold under an order of the court and appellant became the purchaser. He filed exceptions to the report of sale, but they were overruled and the sale confirmed.. He gave several reasons why the sale should not be confirmed, but there is only one that he seriously contends should have been sustained, and that is that the parties to the action in which the sale was ordered, did not own, jointly, vested interests in the property and did not have joint possession of it, and the sale was, therefore, void.

In short, the facts are these: Anna L. Upington became the owner of this lot after her marriage to P. H. Upington and prior to the year 1890, and died after the passage of the act of 1894, which changed the interest allowed a husband in the real estate of his deceased wife. She left her husband and two children, H. B. Upington and Theo. Upington, surviving her. P. H. Upington, the husband, sold his life estate, claiming it to be only a one-third interest in the house and lot during his life, to William Wallace, and H. B. Upington, the older child, after arriving at the age of twenty-one, also sold all the interest he had in the property to William Wallace. Thus matters stood until 1909, when this action was brought by William Wallace against Theo. Upington, the owner of the other undivided one-half interest, who was over fourteen years of age, and also against his guardian, Security Trust Company of Lexington. Wallace alleged that he was the owner by reason of his purchase from P. H. Upington, of an undivided third interest in the property during the life of P. H. Upington, and also of an undivided half interest by reason of his purchase from H. B. Upington. P. H. Upington and S. A. Wallace were also made parties to the action. During the lifetime of Anna Upington she and her husband, P. H. Upington, executed a mortgage on the lot for the purpose of raising means to erect the house thereon, and S. A. Wallace became the owner of this mortgage. The trust company, P. H. Upington and S. A. Wallace filed pleadings and admitted that the allegations of the petition were correct. P. H. Upington admitted that he owed the mortgage debt: that he

owned at the death of his wife, but a life estate in one-third of the property and that he sold that to William Wallace.

The court adjudged that P. H. Upington owned only a third interest in the property for life and that he had conveyed that to Wallace, and that this life estate purchased by Wallace had merged into the fee purchased by him from H. B. Upington. It is claimed by the purchaser that P. H. Upington owned a life estate in the whole of the property after his wife's death; that the statute enacted in 1894, giving him only a third interest in his wife's real estate did not apply. That is true. (Rose v. Rose, 104 Ky., 48, and Phillip v. Farley, 23 Ky. L. R., 2201.) It did not, however, render the sale void for P. H. Upington, the father, had a right to renounce his rights under the old statute and surrender to his children the property given them by the act of 1894, and the presumption that he did this is conclusive, as he sold to Wallace only a third interest in the property as his life estate and admitted in his pleadings that this constituted his entire interest and the court so adjudged. In our opinion, these facts are as binding upon him as if he had made a deed to his children conveying to them two-thirds of his life estate in the property, and the purchaser at the sale has no right to complain of such a gift. The parties to this action being vested with the estate as before explained, and in possession, the sale of the property under section 490 was legal. If P. H. Upington at the time of the judgment had owned the life estate in the whole property the sale would have been void as contended by appellant. See the cases of Atherton v. Warren, 120 Ky., 151, and Kean v. Tilford, 81 Ky., 600.

For these reasons the judgment of the lower court is affirmed.