## Walton Bank and Trust Company, Guardian v. Glinn, et al.

(Decided November 17, 1914.)

### Appeal from Boone Circuit Court.

1. Land—Infants—Sale for Reinvestment.—Where an infant owner of a reversion or remainder in real estate is not made a party to a suit for the sale of the same, the sale for reinvestment cannot be justified under section 491 of the Civil Code.

2. Land—Sale for Reinvestment.—Joint ownership by two or more persons and indivisibility must concur before a sale of real estate can be had under section 490 of the Civil Code.

3. Land—Sale Under Section 490, Civil Code.—Indivisible property owned in remainder by one child cannot be sold under section 490 of the Code upon petition of the owner of the life estate.

4. Judgment—When Should Be Set Aside.—Where a judgment for the sale of real property is absolutely void, it is the duty of the

court to set the same aside on his own motion without regard to the sufficiency of the exceptions filed thereto.

CHARLES STROTHER for appellant.

TOMLIN & VEST for appellee.

Opinion of the Court by Judge Nunn—Affirming.

Annie Glinn died the owner in fee of a 26-acre tract of land situated on one side of the town of Walton, in Boone County, and 56 acres on the other side. She left surviving her, as her only heir-at-law, a grandchild, nine years of age, and her husband, Joseph Glinn, the appellee, 73 years old.

This suit was brought by the appellant, guardian for the infant, against Joseph Glinn to sell the two tracts of land. It is alleged that the lands are thin and in bad repair, and with no buildings, and cannot be made productive without the expenditure of considerable money and years of care; that the defendant, because of his advanced years and infirmities, is not able to give the land any attention, and that neither he nor the infant's estate has any money to spend upon them. Then, it is averred that it will be greatly to the interest of the infant to sell and re-invest the proceeds "in profit-paying real estate," and that the present is a good time to sell the two tracts, because of their favorable location to the town. In the decree for sale it appears that one of the tracts had been surveyed into town lots, with directions to sell them separately. Notwithstanding the fact that the petition shows the infant's real estate to be already divided into the two tracts above referred to, and that the decree discloses a further sub-division of one of them into town lots, it is alleged "that neither of said tracts can be divided so as to separate the fee from the particular estate without materially impairing the value of each estate." The only sale prayed for, is the *interest of the infant,* and for purpose of re-investment in other real estate, although it is specifically stated in the prayer that the relief is asked for under provision of Section 490 of the Code, which authorizes sale of indivisible realty for division of proceeds among joint owners. The defendant, Joseph Glinn, owner of the life estate, answered claiming a "homestead right," admitting the allegations of the petition and praying for a sale of the two tracts as a whole, and asking to be

paid out of the proceeds the present cash value of his. life estate according to the annuity tables. On these pleadings a judgment was entered ordering a sale of the land, both as a whole and as sub-divided.

The land brought more when sold as a whole, and the bid of Johnson and Hicks therefor was accepted. These facts were reported at the August term 1913, and Johnson and Hicks filed exceptions to the commissioner's report: The court sustained the exceptions and set aside the sale. From this ruling the guardian appeals.

If, according to the prayer of the petition, the sale be for the purpose of reinvestment, then Section 491 of the Code is the only authority for it. That section authorizes a sale of infant's real property for reinvestment in other real property, in a suit by the owner of a particular estate against the infant owner of the reversion or the remainder. Since this suit was not brought against the infant remainderman—he was neither a party plaintiff nor defendant—the sale cannot be justified under that section of the Code. If, as stated in the prayer, the sale was asked for under Section 490, it is equally impossible to find warrant for the sale there. That section authorizes a sale if the real property is jointly owned by two or more persons, and it cannot be divided without materially impairing its value. The joint ownership by two or more persons and indivisibility must concur, and the facts of this case fail to meet either of these requirements. The land consisted of two separate tracts, and, before the sale, one of them had been further subdivided.

In Fullenwider v. Johnson, et al., 145 Ky., 19, a widow who owned a life interest in indivisible property, sought to sell the land in a suit against her only son, who owned the fee. It was held that the court had no authority to order the sale under Section 490, because ownership of the life interest by one and the fee by another did not constitute such joint holding as is necessary to confer jurisdiction.

In the more recent case of Vanmeter v. Vanmeter, 160 Ky., 163, this court again considered the question, and after reviewing all the cases on the subject, quoted with approval from Grider on Sales of Real Estate of Infants, page 94, the summing up by that author of all the Kentucky cases, and, as it applies to this case, we again quote it:

"A dower right of itself is not such an estate as would authorize the widow as a joint owner to sue for a sale of the property and a division of the proceeds; but where the widow holds unassigned dower and is the statutory guardian of two or more of her children who own the fee, she may, as any other guardian, petition for a sale of the property and a division of the proceeds between the children, she accepting the value of her dower interest in money. The joint holding necessary to give the court jurisdiction under this section is not between the widow and the children, but between the several children themselves.

"Where the widow holds unassigned dower in property, and the fee, subject to her dower, rests in her only child, she could not either as doweress or as statutory guardian for her child, have the property sold under this sub-section, nor could any other person acting as guardian do so, for there is no joint holding between the doweress and the freeholder, the child being the owner of the entire estate encumbered by the dower interest.''

But appellant says that the exceptions filed to the report of the commissioner did not relate to the failure of the petition to give the court jurisdiction to sell under the sections of the Code referred to, and, therefore, the lower court erred in setting aside the sale, because it was necessarily confined to the grounds set up in the exceptions. To sustain its position, it calls attention to the fact that at a subsequent term of court the purchasers filed amended exceptions, and the court dated the filing back to the preceding term by a *nunc pro tunc* order. It is quite unnecessary to consider the right of the court to permit amended exceptions to be filed, or the propriety of a *nunc pro tunc* order. The sale was absolutely void because the facts stated in the pleadings were insufficient to give the court jurisdiction to order a sale, and it was the duty of the court, of its own motion, to set the sale aside, without regard to the existence or sufficiency of the exceptions.

The judgment is affirmed.