# Piermann, et al. v. Albert and Carl Piermann's Guardian, et al.

(Decided March 9, 1920.)

## Appeal from Campbell Circuit Court.

· Infants—Sale of Land Under Section 490 of the Code in Which There is a Life Estate.—Under section 490, of the Civil Code, as amended, where a widow owns a life right or estate in the whole of the land and infants own the remainder, the land cannot be sold for distribution of the proceeds, although it may be indivisi-

ble; but if the life tenant only has an estate in a part of the land it may be sold under this section.

HOWARD M. BENTON for appellants.

BLAINE McLAUGHLIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

Jacob Piermann, died in 1912 the owner of the fee in two separate small parcels of land. He left surviving him his wife and three adult children, and two grandchildren, the issue of his deceased son, William Piermann, who died before the testator. One of these children is over fourteen years, the other under.

In his will the testator devised all of his land to his wife for life and after her death he directed that it should be divided equally between his children.

This suit was brought by the widow and adult children against the two infant children and their statutory guardian asking for a sale of the property and distribution of the proceeds, it being alleged that it could not be divided without materially impairing its value. Summons was executed on the infants and their guardian, and the guardian filed an answer in which he averred that it would be to the interest of the infants to sell the lands and divide the proceeds.

The case having been submitted on the petition and exhibits and the answer of the guardian, the petition was dismissed upon the ground that:

"There is no power in this court to sell real estate for partition where there is a life tenant holding the entire property. The petition is dismissed at plaintiff's cost for which execution may issue."

By an amendment to section 490 Civil Code it was provided that:

"If the estate shall have passed by devise or descent to the widow and heir or heirs of the decedent, and the widow shall have a life right in a portion thereof, either as homestead or dower or by devise and the said property cannot be divided without materially impairing its value, or the value of the plaintiff's interest therein."

It will be observed that this amendment only extends the power to sell when the widow has a "life right in a portion" of the property sought to be sold, and con-

fining the amendment to the purpose so plainly express-
ed, it is clear that it was not intended to authorize the
sale when the widow had a life right or estate in the
whole of the property sought to be sold.

This amendment was enacted to avoid the effect of
the opinions of this court in Fullenwider v. Johnson, 145
Ky. 19; Vanmeter v. Vanmeter, 160 Ky. 163; Walton
Bank & Trust Co. v. Glenn, 161 Ky. 60; Hatterich v.
Bruce, 151 Ky. 12; in which it was held that where a
widow had dower and there was only one child the court
could not order a sale under section 490, but that if there
was more than one child a sale might be decreed.

But here the widow owns for life the whole of the
estate. There is no joint ownership of any part of it dur-
ing her life; the joint ownership only comes into effect
when the estate vests in the children. In the Vanmeter
and Hatterich cases it was held that where the widow had
only a dower right, the children owning the fee in the
whole estate subject to the life estate of the widow in a
part of it, there was such joint ownership as would au-
thorize a sale before the section was amended.

Why the legislature in amending the section did not
provide for a sale when .the widow had a life estate in
the whole of the indivisible property we do not know,
but certain it is, that the amendment does not go this far,
and there being no statutory authority for a decree when
the life estate in the whole of the property is held by one
person, the infants or remaindermen only having a re-
mainder estate, the lower court correctly ruled that a
sale could not be decreed under section 490, and the judg-
ment must be affirmed.