## Cammack, et al. v. Allen, et al.

(Decided May 18, 1923.)

### Appeal from Fayette Circuit Court.

1. Perpetuities—Restraint on Alienation During Life of Holder of Defeasible Fee is Void.—Though the common law rule, invalidating any attempted restraint of the right of alienation by the vendee or devisee, of the fee during his life, has been modified to the extent of permitting a partial alienation, that is, until the arrival of the grantee at a designated age, or until any other reasonable time, a restriction on alienation by the devisee of a defeasible fee at any time during the devisee's life is void.

2. Perpetuities—Statute Enacting Rule Against Perpetuities Does Not Apply to Restraint on Alienation of Vested Estates.—Ky. Stats., section 2360, prohibiting the suspension of absolute power of alienation for a longer period than during life or lives in being, and 21 years and 10 months thereafter, was intended to enact the common law rule against perpetuities, and applies only to attempts to suspend the vesting of an estate, not to suspension of alienation of vested estates, so that it does not impliedly permit a suspension of such alienation for a period shorter than that prescribed.

3. Partition—Holder of Undivided Interest in Vested Fee can have Partition, Notwithstanding Particular Estates in Other Interests. —One who has the fee in an undivided half interest in property, which is not capable of division, has an estate in possession entitling her to have it sold for division under Civil Code of Practice, section 490, subsec. 2, even though the other undivided interest

is held in possession by life tenant with defeasible remainder in fee.

4. Partition—Owner of Undivided Interest in Fee Held Entitled to Sale for Partition.—Where a will giving plaintiff an undivided half interest in the property in fee provided that the owners of the other half interest, who were life tenants and defeasible remaindermen, should pay a stated sum as rental for plaintiff's half of the premises, and the amount so fixed was insufficient to pay plaintiff's share of the upkeep of the property, so that her ownership of the fee under the circumstances was an expense to her which would continue during the life estate in the other undivided interest, the court will not construe the statute as prohibiting a sale for division under the circumstances, unless forced to do so by the plainest language.

WILSON & HARBISON for appellants.

GEO. W. VAUGHN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Elijah J. Allen died testate and a resident of Fayette county. He left surviving him as his only heirs and immediate devisees the appellant and plaintiff below, Nellie Allen Cammack, a daughter, and Claude J. Allen, a son. The latter had a daughter, the appellee and defendant below, Elma M. Allen.

The fifth clause of the will is the only one involved in this litigation, and it says: "It is my will that my home at 361 South Broadway, Lexington, Kentucky, as an estate be divided equally between my daughter, Nellie Allen Cammack, and my son Claude J. Allen. The share of Nellie Cammack is to be in her sole right and in fee simple. The share of Claude J. Allen is to be held by him, he receiving the rents and benefits therefrom during his natural life, free from any debt he may then owe or thereafter create, and at his death the same shall go to his daughter Elma M. Allen, for her sole benefit, free from any control or interest of any husband she may have, and free from any debt she may then owe or thereafter create, and if she die without descendants, or if during her life she permit said property to be sold, or if she attempt to sell her interest therein or to lease same for a period of more than two years, then and in either of said events, her interest in said property and the title therein shall at once pass to her brothers and sisters and their descendants, and no devisee or other person shall have any right to cause a sale of said property during her lifetime for divis-

ion, reinvestment or any other purpose. In the event that either of the beneficiaries of this bequest shall occupy this property, he or she shall pay to the other a rental of two hundred and fifty dollars per year in equal monthly installments.''

Mrs. Cammack and her husband filed this equity action in the Fayette circuit court to procure a sale of the property devised by that clause of testator's will under subsection 2 of section 490 of the Civil Code of Practice for the purposes of division and in the petition alleged that the property could not be divided in kind and that it was necessary to sell it for that purpose and that it was occupied by the defendants, Claude J. Allen and his daughter Elma M. Allen, as a residence and that the stipulated rental to which plaintiff was entitled under the will was insufficient to pay her part of the taxes, insurance, upkeep and other fixed and necessary expenses for the maintenance of the property. A copy of the will was filed as an exhibit with the petition, to which the court sustained a demurrer and plaintiffs declining to plead further their petition was dismissed, from which judgment they prosecute this appeal.

Whether the court in sustaining the demurrer was of the opinion that a sale of the property for the purposes of division could not be ordered because forbidden by the quoted clause of the will, or because the title was not held in the manner set out in the provisions of the Code upon which the right to maintain the action was based, we are not informed, but we are convinced that neither of them furnished any legal ground for denying the relief sought and that the court erred in sustaining the demurrer to the petition, and that too if it be conceded that the sale for the purposes contemplated could be prevented by the creator of the title in his deed or his will as is true with reference to sales under subsections 3, 4 and 5 of section 489 and section 491, as is expressly provided by section 492 of the Code. So that, without discussion we will pass that preliminary question and at once proceed to a consideration and determination of the other two.

It is conceded, and which is a fact, that the will devised *in praesenti* an absolute and unconditional fee simple title in one-half of the real estate involved to Mrs. Cammack. Her brother, Claude J. Allen, was given a life interest in the other undivided one-half with remainder to his daughter, Elma M. Allen, but which is encumbered with conditions subsequent rendering her

title in remainder after the death of her father a defeasible one. The will creates or attempts to create three conditions subsequent upon which her fee in remainder to one-half of the property may be defeated, (a) if she die without descendants, (b), if she should sell or attempt to sell her interest, and (c), if she should lease it for a period of more than two years. Following those defeasances the will says, "and no devisee or other person shall have any right to cause a sale of said property during her lifetime for division, reinvestment or any other purpose." Some argument is made in briefs as to whether it was the intention of the testator by the latter clause to prohibit a sale of the property for any of the purposes mentioned by any one or all the devisees or only by his granddaughter, Elma M. Allen; but, since we have concluded that is is unnecessary for a proper disposition of the case to determine that question we will also dismiss it without further comment, since it is conceded by all parties that it was the intention of the testator to restrain the alienation by Elma M. Allen of her defeasible fee in and to an undivided one-half of the property throughout her lifetime, and the question is thus sharply presented whether it is competent for a grantor or a testator to impose such restraint upon the taker of a fee simple title though it be a defeasible one. In the case of Kentland Coal & Coke Co. v. Keene, 168 Ky. 836, the history of the law in this state affecting the right of a grantor or testator to impose restraints on the alienation of a created fee was gone into and discussed at some length. After reviewing prior cases from this court, some of which are inserted in the opinion, it was therein pointed out, as was held in the case of Harkness v. Lisle, 132 Ky. 767, that an attempted restraint of the right of alienation by the vendee or devisee of the fee during his life would transgress the common law rule against such restraints and would not be upheld. That case as well as Lawson v. Lightfoot, 27 Ky. L. R. 217, furthermore states that this court is more liberal in upholding partial restraints on alienation than perhaps any others in any of the states. At common law no restraint upon the alienation of an absolute title howsoever slight was permitted; but the right to impose partial restraints, i. e., until the arrival of the grantee at a designated age, or till any other reasonable time, was perhaps first endorsed by this court in the case of Stewart v. Brady, 3 Bush 623, since which time the question has

been before us a number of times until now, as will be seen from the cited cases in the Keene opinion, a restraint during the life of the grantor or testator will be upheld, but, as stated, one for the life of the grantee or devisee will be treated as void and given no effect. That being true, the attempted restraint by the testator, Elijah J. Allen, on the right of any of his devisees to sell the property involved during the life of any one of them (including the one making the sale), was and is void, and the right of plaintiffs to maintain the action must be determined as though that clause was not contained in the will. And such interpretation is not in conflict with section 2360 of the present statutes, which says: "The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter." It is argued that the statute by inhibiting the right of alienation beyond the life or lives of persons in being at the time of its creation and twenty-one years and ten months thereafter by implication permits the suspension of such rights for that time. The argument would be unanswerable if that statute was applicable to the question. It has been a statute of this state for a long number of years and has always been treated and referred to in the opinions of this court as Kentucky's statute against perpetuities. Long since its enactment and while it was alive and a vital statute of this state, all of the opinions, *supra*, on the power to restrain alienation were rendered and in each of them the question as to the right to restrain alienation of the fee by a person to whom it was conveyed was considered from the standpoint of the common law rule upon the subject and the right to impose partial restraints was grafted on to the common law rule by this court as a *pro tanto* exception thereto. In none of the opinions was the statute referred to as creating a rule with reference to the imposition of such restraints, but, as stated, in numerous cases it was referred to as our statute against perpetuities, three of which are Kasey v. Fidelity Trust Co., 131 Ky. 604; Miller v. Miller, 151 Ky. 563, and Curd v. Curd, 163 Ky. 473. The statute, therefore, has in effect been construed to apply only to cases and situations where the suspension of alienation was due to the postponement of the vesting of the fee in a person who could alienate it. If such postponement is beyond the life or lives of persons

in being and twenty-one years and ten months after the creation of the estate it comes within not only the common law rule against perpetuities but violates the quoted section of our statute which was but declaratory of the common law rule and was intended only as a statute against perpetuities and not one dealing with the right of alienation by a person in whom the fee vested within the permissible period prescribed by it.

The next question is, may one who has a presently vested fee title to an undivided interest in land with the present right of possession maintain an action to sell it for the purposes of division under subsection 2 of section 490 of the Code, which requires, among other things, as a condition precedent to the relief that "the estate be in possession?" In other words, does the fact that the fee in one or more of the shares is preceded by a particular estate and not extending to the whole with the right of joint possession in the owner or owners thereby postponing the right of possession by the remaindermen, destroy the joint possession rendered necessary by the Code in order to procure the sale for division purposes? To undertake to review each case that has been before this court dealing with the question, or to rehearse their facts and point out the differences between them would not only carry this opinion beyond proper limits but would impose too great a burden upon us and unnecessarily consume the time demanded by other litigants whose claims are pressing upon us for determination. Suffice it to say that the opinions are not altogether harmonious. In Dineen v. Hall, 112 Ky. 273, it was held that an action similar to this one could not be maintained under the provisions of the section of the code, *supra,* where the possession was held jointly by the owner of the fee of a part of the land and by life tenants of another part or parts, the fee in remainder to those parts being held by others. That case followed and was bottomed on the opinions in the cases of Malone v. Conn., 95 Ky. 93, and Swearingen v. Abbott, 99 Ky. 271. The opinion in the Malone case was not an authority under the facts of the Dineen case, since there existed a life tenancy in the whole of the property in the Malone case, which clearly was not such a joint possession of the title as authorized a sale for division under section 490. The Swearingen case seems to be in point and supported the holding in the Dineen case, but the latter was expressly overruled by this court in the case of Atherton v. Warren, 120 Ky. 151. In the sub-

sequent cases of Womald's Gdn. v. Heinze, 28 Ky. L. R. 1022, 90 S. W. 1064; Stine v. Goodman, 29 Ky. L. R. 221, 92 S. W. 612, and others following them it was recognized that the Atherton opinion overruled the prior case of Dineen v. Hall, *supra;* and since the rendition of the Atherton opinion it has been the uniform holding of this court that where property jointly held in possession, if indivisible without materially imparing its value, may be sold under the provisions of section 490 of the Civil Code although some of the shares are held by life tenants with remainder in fee to either adults or infants. Other cases besides the Atherton and Stine cases so holding are those of Walsh v. Parr, 110 S. W. R. 300 (Kentucky, and not elsewhere reported); Lindner v. Ehrich, 147 Ky. 85, 143 S. W. R. 778; Wallace v. Wallace, 149 Ky. 636; Harting v. Milward, 28 Ky. L. R. 776, and Piermann v. Piermann, 187 Ky. 392, 219 S. W. R. 156. The cases cited and relied on by counsel for appellees are those where the whole of the estate was in possession of the owner of a particular estate and there was no present joint possession of the fee by the owner of an undivided interest in the land with the owners of particular estates and the remaindermen in other portions of it, or otherwise; under which circumstances the provisions of the section do not apply, but under the Atherton case and others following it where one of the joint interests is held in fee simple with the present right of possession the property may be sold for the purpose of division when it can not be divided in kind notwithstanding other undivided shares are held by life tenants and remaindermen although by defeasible titles.

The facts of this case forcibly illustrate the wisdom of the interpretation of the section made by the Atherton opinion. It is alleged and admitted by the demurrer that the rental provided in the will that should be paid by the tenant occupying the jointly owned premises is entirely insufficient to pay the fixed and necessary expenses for its maintenance, and that plaintiff is sustaining an annual loss by reason of her ownership of the property, and unless she can maintain this action she will sustain an annual loss throughout the life of her niece, or that of her brother, for no other reason than that she is the owner in fee with the right to immediate possession to a one-half undivided interest in the property. Surely the legislature never contemplated the fastening of such a perpetual burden upon the owner of such an undivided

interest in real estate, and equity would hesitate to place such a construction upon it unless forced to do so by the plainest and most unambiguous language. The court may and should protect by proper orders the interest of the owners of the other half of the proceeds by directing it to be held or invested according to the terms of the will, as was pointed out in some of the cases, *supra*.

It is our conclusion, therefore, that for the reasons stated the court erred in sustaining defendants' demurrer to the petition and in dismissing it, and because thereof the judgment is reversed with directions to set it aside and to overrule the demurrer, and for proceedings consistent with this opinion.