## Wallen, et al. v. Nicely.
•
(Decided February 3, 1928.)

### Appeal from Rockcastle Circuit Court.

1. Wills.—Under Kentucky Stats., sec. 2344, devise of life estate to mother with remainder to children, but "should they die before her death," then to go to uncle's children, held to give children defeasible fee, which would be defeated by children's death prior to death of mother either before or after testator's death, and hence uncle's children had contingent interest which did not pass when property was sold under judgment in proceedings for sale instituted by mother and children.

2. Partition.—Sale of life estate and defeasible fee in the remainder may not be had under Civil Code of Practice, sec. 490, subsec. 2, providing that a vested estate in real property jointly owned by two or more persons may be sold in an action brought by either of them.

3. Partition.—Sale of life estate and defeasible fee in the remainder may be had only for the purpose of paying the taxes against the property and for a reinvestment of the balance of the proceeds in real estate.

4. Life Estates.—On sale of life estate and defeasible fee in remainder for purpose of paying taxes against the property and for a reinvestment, life tenant is not entitled to the cash value of her life estate.

S. D. LEWIS for appellant Henderson.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

A few years ago S. C. Davis, a resident of Rockcastle county, died leaving the following will:

"Being of sound mind, and realizing that my stay on earth is short, after all debts and funeral expenses are paid, I will and bequeath as follows: This being my last will and testament. To W. T. Davis one-half of all moneys I may have at time of death, also my store house and all appurtenances thereunto belonging with 15 feet of dirt behind it, also privilege of hauling through the garden when not in garden stuff to Chas. C. Davis ($25.00) twenty-five dollars.

"To Roberta Wallen the other half of all my moneys, my dwelling house, cistern and garden behind the store house to be hers while she lives and

at her death to go to her children should they die before her death it shall go to W. T. Davis' children at her death. I make W. T. Davis administrator for Roberta Wallen and children without bond should her husband not support them he is to furnish not more than fifteen dollars per month to support them. To Charles L. Davis my stock of drugs on hand at my death.''

The testator was survived by a son, W. T. Davis, who had children, and by a daughter, Roberta Wallen, who had two children, Bernice Wallen and Ardeth Wallen. In 1926 the age of Roberta Wallen was 39, of Bernice Wallen 17, and of Ardeth Wallen 14.

This action was brought by Roberta Wallen and her husband, and by Bernice Wallen and Ardeth Wallen, suing by their statutory guardian, against T. J. Nicely, for a sale of the residence property, devised to Roberta Wallen and her children. One of the grounds on which the sale was asked was that plaintiffs were joint owners of, and had a vested estate in, the property, and that it could not be divided without materially impairing its value or the value of their interest therein. Another ground was that plaintiffs were insolvent, that none of them had any income, that the residence was out of repair and was not being rented, and that the property had been sold for state and county taxes and had been purchased by the defendant, T. J. Nicely, and that they were unable to pay off the taxes. Plaintiffs asked that out of the proceeds of the sale the taxes be paid, that Mrs. Wallen be paid the value of her life estate, and that the balance be adjudged a lien on the land until the infants reached their majority, or that the purchaser pay the infants' part to their guardian and that he hold it in trust until their majority and invest it either in lands or bonds or loan it out. T. J. Nicely filed an answer in which he pleaded that the plaintiffs were indebted to him in the sum of $47.34 for state and county taxes, for which the property was sold by the sheriff, and he became the purchaser. Evidence was heard by deposition. Roberta Wallen deposed that the building in question was old and unfit for residence property. It was necessary to sell the property in order to pay the delinquent taxes, and she wanted the remaining sums to be invested in another home in a more desirable location. O. F. Wallen, her hus-

band, testified to the same effect. Dan Bullock also deposed that because the property was old and in bad repair the taxes were not being kept up, and it would be to the best interests of the owners to have the property sold and the proceeds reinvested in more productive property. Thereupon the court adjudged the sale of the property, and directed that after the payment of the indebtedness Mrs. Wallen should receive the cash value of her life interest and the balance should be invested until the infants reached their majority. After due advertisement the sale was had, and J. D. Henderson became the purchaser at the price of $2,600, for which he executed bond as required by the judgment. Out of the proceeds it was adjudged that taxes amounting to $282.98 be paid, and the further sum of $184.85, being the costs of the action. Out of the balance of $2,147.17, it was adjudged that $487.84 be paid to Roberta Wallen. These sums were paid by the purchaser and credited on the sale bond.

The purchaser excepted to the report of sale on the ground that the children of W. T. Davis were not made parties to the action.

It is suggested in the argument that the words in the devise to Roberta Wallen and her children, "should they (Roberta Wallen's children) die before her death it shall go to W. T. Davis' children at her death," refer to Roberta Wallen's death before the death of the testator. In the recent case of Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977, we had occasion to review all the cases on this question in connection with section 2344, Kentucky Statutes, and we there held that the correct doctrine in a case like this was announced in rule 4 set forth in Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, which is to the effect that, where there is no intervening estate and no other period to which the words, "die without issue," can be reasonably said to have had reference, they are held, in the absence of something in the will showing a contrary purpose, to create a defeasible fee, which may be defeated by the death of the devisee at any time without issue surviving him. Clearly, the words, "should they die before her death," have the same legal effect as if the will had employed the words, "should she die without children," and there being no intervening estate or other period to which the words have reference it follows that they have reference to Roberta Wallen's death at any time and not to her death prior to that of the testator. It results that

her children take a defeasible fee, which may be defeated
at any time by their death prior to her death. In the
event of that contingency the property will go to the
children of W. T. Davis. As the latter have a contingent
interest in the property and were not made parties, it
follows that their interest in the property did not pass
by the judgment of sale. Therefore the purchaser's ex-
ceptions should have been sustained.

As the judgment must be reversed and the sale set
aside, it is proper that we call attention to other irregu-
larities affecting the validity of the sale. Mrs. Wallen has
a life estate in the entire property. Her children have a
defeasible fee in the remainder. She may have other chil-
dren who will have a like interest. If all her children die
before her, the remainder will pass to the children of W.
T. Davis. It is apparent, therefore, that the case is not
one where a sale may be had under subsection 2, sec.
490, Civil Code. On the contrary, a sale may be had only
for the purpose of paying the taxes against the property,
and for a reinvestment of the balance of the proceeds in
real estate pursuant to the provisions of the Code. In
such case the entire balance of the proceeds must be in-
vested in other real estate, and the life tenant is not en-
titled to the cash value of her life estate. On a return
of the case the parties in interest may amend and pro-
ceed against the infant children of Mrs. Wallen and the
children of W. T. Davis, and ask a sale for the pur-
pose of paying the taxes and reinvesting the proceeds in
other real property. The purchaser, having paid the
taxes, will be subrogated to the rights of the owners of
the tax claims.

Judgment reversed and cause remanded for pro-
ceedings not inconsistent with this opinion.