## Trumbo et al. v. Sanford et al.

June 20, 1947.

J. Wirt Turner, Judge.

William H. Hays for appellants.

Bernard B. Davis, Robert F. Matthews and J. A. Richards for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This was an action to sell 90.8 acres of land in Shelby County. The appellants were not parties in the original action but were purchasers of the property at the commissioner's sale and their appeal is taken from a judgment of the court overruling their exceptions to the commissioner's report of sale. Only two of the numerous exceptions taken below are briefed on this appeal.

The principal question is whether or not an action could be instituted under section 490(2) of the Civil Code of Practice, which provides:

"A vested estate in real property jointly owned by two or more persons, or owned as set out in subsections 3 and 4 of this section, may be sold by order of a court of equity in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant. * * *

"2. Property in possession and indivisible. If the estate be in possession and the property cannot be divided without materially impairing its value, or the value of the plaintiff's interest therein."

A determination of this question depends upon the facts out of which this action arose. In 1876, Priscilla S. Young died testate. The title to the property, and eventually the right to maintain this action, depends upon a construction of her will, the pertinent parts of which are as follows:

Item VI of the original will: "I give and bequeath all the residue, of my estate of every kind and discription to my children and grandchildren and their heirs &c forever, to be equally divided between them as classes that is my grandchildren will take per sterpes and not per capita or such portion as their father or mother would take, were he or she living at the time of my death * * *."

The qualifying portion of the codicil to the will of Priscilla S. Young reads as follows: "Whereas, the bequests in my said will to the children of my deceased daughter Elianor A. Aud, are made to them and their heirs forever, and which bequests, in case of the death of either of them, would descend to or redound to the benefit of their father John T. Aud, which is contrary to my will or intention wherefore to correct the same, I now will and direct that in case of the death of either of my grandchildren (the Auds) leaving no issue or lineal *decedent* living at the death of said grandchild, the property so bequeathed to such shall descend to the brother or sister or to the nearest of kin of such deceased grandchild, on the mother's side exclusive of the father the said John T. Aud * * *."

Shortly after Priscilla Young died, a proceeding for the division of the lands among her heirs and devisees was instituted. The seven children of Eleanor A. Aud, deceased, a daughter of Priscilla Young, received two tracts of land containing approximately 132 acres. Another proceeding was brought for division of these two tracts among the seven children and the land in controversy was given to five of the children, to wit: Ella C. Wigginton, Frances Ione Hopkins, Priscilla E. Long, John M. Aud and Mollie G. Veech. These five children, under the impression that they received only a life estate in the 90 acres, conveyed to a Mr. Hardin an interest for their lives. Ella C. Wigginton, Priscilla E. Long, and Frances Hopkins died prior to the institution of the present action and each of them left children surviving. These children of the three deceased grandchildren of Priscilla Young were the plaintiffs in this action to have the 90 acres sold.

Mollie G. Veech and John M. Aud are living and each of them have issue living. Richard Y. Aud, who is living, and the issue of Adelia K. Smith, deceased, have a contingent remainder in the interest of John M. Aud and Mollie G. Veech in the 90 acre tract should these parties die without leaving issue surviving them. The life estates which the five Aud children sold in the 90 acre tract have become the property of Arthur L. Hardin, H. M. Atchison, Madge A. Richards, H. S. Goodpaster, H. S. Goodpaster, Jr. and Clara Good-

paster. These life estates were life estates per autre vie and since only two of the five children who had an interest in the 90 acre tract are now alive, the holders have left only life estates in an undivided two-fifths interest in the 90 acre tract. All of the above named parties were made defendants in this action.

In construing the will, it will be necessary to determine whether the Aud children took this property as a class or whether the estate of each Aud child was determined upon his or her death. It is apparent, and is conceded by the parties to this appeal, that the interest of each Aud child was determined upon his or her death, and that each child took a defeasible fee. It is appellants' contention that if each of these children took a defeasible fee, the five interests would not be determined until the death of such children, and appellants say that this action involves a suit by fee simple owners of three-fifths interest to subject the land to sale under section 490(2) of the Civil Code of Practice while two of the original devisees are still living and have defeasible fees.

It is the opinion of the Court that this case can be determined under the authority of Cammack v. Allen, 199 Ky. 268, 250 S. W. 963, which is almost on all fours with this case. In the Cammack case, as in the case at bar, some of the shares were held by life tenants, with remainders in fee both vested and defeasible. It is clear, under the authority of this case, that this action is maintainable under section 490(2) of the Civil Code of Practice . The Cammack case is distinguishable from the cases cited by appellants—Wallen v. Nicely, 222 Ky. 825, 2 S. W. 2d 648; Whitney v. Dorsey, 268 Ky. 773, 105 S. W. 2d 1025—because the life estates involved in those cases are in one person and the remaindermen did not have the right of possession until this life estate was terminated.

The other question raised by appellants is whether or not Robert Sanford, a legatee under the will of Ella Wigginton, should have been made a party. Robert Sanford was bequeathed $4,000 under the will of Ella Wigginton. By this will the residue of the estate was given Adelia Sanford, the only child of Ella A. Wigginton, and the mother of the legatee, Robert Sanford

After the costs of administration and the debts of Mrs. Wigginton's estate were paid, the balance of the property, which was turned over to pay this specific bequest, was $1,000 short of paying the bequest in full. It is appellants' contention that if the interest of Ella Wigginton in the 90 acre tract was a defeasible fee and became vested upon her death with issue surviving her, Robert Sanford had an interest in this property because of the deficiency in his legacy. There is clearly no merit in this contention. Robert Sanford had no interest in the property in question and could only become interested by asserting a lien against this property for the $1,000 deficiency in his legacy. He was not a necessary party to the action.

For the reasons stated, the judgment is affirmed.