Leslie MAHER and Leslie Ann Maher, an infant under 14 years of age, by Lawrence Riedinger, Jr., her next friend, Plaintiffs,

v.

Frank MAHER, Jr., Eleanor Maher Hines, James Maher, Betty Maher Purdon, Thomas Maher, John Maher, James Maher, Michael Maher, and James Hines, Defendants.

No. 683.

United States District Court
E. D. Kentucky,
Covington Division.
July 29, 1957.

Charles E. Lester, Jr., Newport, Ky., for the plaintiffs.

Robert B. Halloran, Russell L. Howard, Newport, Ky., Hughes, Clark & Lee, Covington, Ky., Bernard Coughlin, Maysville, Ky., and M. J. Hennessey, Augusta, Ky., for the defendants.

SWINFORD, District Judge.

On the 27th day of February, 1951, Dan Maher, a resident of Mason County, Kentucky, died testate. His will was admitted to probate by the county court. He was the owner of farm lands of approximately 586 acres which he devised in various estates to his nearest of kin, all of whom are parties to this action.

By the terms of the will Thomas Maher, a brother of the deceased, took

a life estate in a one-half undivided interest in the farm land. Five nieces and nephews, the sons and daughters of a deceased brother, took a life estate in the remaining one-half undivided interest in the farm land.

It has been determined by a construction of a section of the will by this court (139 F.Supp. 294) that the fee in the one-half undivided interest of Thomas Maher shall descend to his children or to the children of any of the children who may be dead at the time of the death of Thomas Maher. In the event Thomas Maher dies without heirs, his one-half undivided interest in the land is to revert to the estate of the testator to be distributed under the statute of descent and distribution.

Thomas Maher is now a man 75 years of age and without descendants.

The will provided that upon the death of the five nieces and nephews, life tenants in the other one-half undivided interest in the land, the estate should vest in the heirs of such nieces and nephews and in the heirs of other collateral descendants of the testator living at the time of the death of the life tenants.

The will contained the following provision:

"Item XV. I appoint my nephew, Frank Maher Jr. to be my executor of this my last will and testament, and I request that no bond be required of him as such.

"I further authorize and appoint my said nephew to be trustee of my said estate without bond should one be necessary after the settlement of my estate.

"I further authorize and empower the said Frank Maher Jr, to sell and convey any or all real and personal property while he is acting as executor or trustee and the purchase or purchasers will not be required to see to the reinvestment of the proceeds arising therefrom."

Frank Maher, Jr., by the terms of the will qualified as executor in the Mason County Court and entered upon the duties of the discharge of his trust. Also he qualified under the terms of the will in the same court as trustee, took the oath as required by law, and entered upon the duties of the discharge of that trust. So far as the record in the case goes, Frank Maher, Jr. is now acting in the capacity of trustee of the estate.

This is an action in which the plaintiff, Leslie Maher, as one of the nephews of Dan Maher and the owner of a life estate in a one-fifth of a one-half undivided interest in the land in question, and his daughter, Leslie Ann Maher, an infant under fourteen years of age, both of whom are residents of the State of Ohio, seek to have the entire body of 586 acres of land sold and for a division of the proceeds of the sale to the various owners as their interests may appear and as the monetary value of their respective ownerships in the land might be ascertained.

The action is brought by Leslie Maher, his infant daughter, Leslie Ann Maher, by next friend, and Edith June Maher, wife of Leslie Maher, pursuant to KRS 389.020(1) (b). The statute, insofar as pertinent, authorizes a judicial sale of a vested estate in real property jointly owned by two or more persons in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant, "if the estate be in possession and the property cannot be divided without materially impairing its value or the value of the plaintiff's interest therein."

The defendants are Thomas Maher, the owner of a life estate in a one-half undivided interest in the land, the other four life estate owners in the other one-half undivided interest in the land with Leslie Maher, their spouses, certain infants who are remaindermen to a one-half undivided interest in the land, and Ed Maher, a half brother of the testator, and his wife, Allie Maher.

It is established by the record and is not contested that the land is indivisible and would have to be sold as a whole.

It is the judgment of the court that an order of sale cannot be entered under KRS 389.020(1) (b) on the record. The section relates to the sale of vested estates in joint possession or in present right of joint possession and no estate except a vested one can be sold by virtue of its provisions. The remaindermen who are the heirs of the life tenants and who were living at the time of or have been born since the death of the testator, Dan Maher, take a defeasible fee in a one-half interest in the land. Their inheritance is dependent upon their being alive at the time of the death of the life tenants. The estate which they will receive upon that contingency will depend upon the number of persons living at the time who are members of the same class. Some of the class now living may be dead; others of the class which may eventually inherit may not yet be born. It is not possible to divide the remainder until the death of the life tenants.

The remaindermen are not in possession within the meaning of the statute. This statute applies only to estates in possession by those holding jointly, and cannot be held to apply in cases where the possession is with the life estate. The statute cannot be construed as permitting the life tenant to surrender the possession and vesting it in the remaindermen by merely asking that his life estate be sold. KRS 389.-020(1) (b) gives relief to joint tenants in *possession* where the land cannot be divided. It is plain that a vested interest in a remainder without *possession* does not authorize a sale of indivisible land under this section. Malone v. Conn, 95 Ky. 93, 23 S.W. 677.

A remainder interest may be a vested interest but our Kentucky courts have uniformly held that a remainder interest is not property in possession within the meaning of this section. Whitney v. Dorsey, 268 Ky. 773, 105 S.W.2d 1025; Lowery v. Madden, 308 Ky. 342, 214 S.W.2d 592.

It is not essential that all of the interests of the joint owners be the same where some of the parties asking for the sale are life estate owners and others are vested remaindermen, but it is essential that all of them be entitled to a joint possession. It must be a possession which extends throughout the entire estate. Where there is a life estate of the entire property in some and remainder in others, the property cannot be sold for there would be no joint holding between the life tenants and the remaindermen. The remaindermen would not be in possession. "Judicial Sales of Real Estate", Grider, pp. 93, 94.

While the owner of an estate in real property which is held jointly with others has a legal right to convert his estate into cash by sale, such a right is dependent upon the terms of the law involving such a situation. The life tenants here may sell their respective interests to purchasers who are willing to buy and hold the interest per autre vie. That does not imply that they have a right to sell the interests of contingent remaindermen or those who may become contingent remaindermen who are yet unborn. The rights which the life tenants have are by inheritance. Except for the generosity of the testator they would own nothing. Consequently, the law imposes on those who inherit or who take under a deed, the will of the testator or grantor in making the devise or grant.

The testator exercised absolute control over his property during his life and the law gives him the right to exercise that control and dispose of it according to a fixed purpose for a time after his death, conditioned only by the statutes of limitation, such as the rule against perpetuities.

The court should, by its orders, carry out the intention of the testator, insofar as it is ascertainable from the whole will, in an action seeking to dispose of the property by sale just as in an action seeking a construction of the will. The following quotation from the case of Miracle v. Miracle, 260 Ky. 624, 86 S.W.2d 536, 538, 102 A.L.R. 964, is pertinent to the issue here presented

and well expresses the limitation placed upon the court:

"A life tenant may not have partition of land and an allocation of a part of it in fee in proportion to the value of his interest and that of the remaindermen so that a present absolute property in their respective portions would rest in each. Coquillard v. Coquillard, supra [62 Ind.App. 489, 113 N.E. 481]; Carson v. Hecke, 282 Mo. 580, 222 S.W. 850; Walton Bank & Trust Co. v. Glinn, 161 Ky. 60, 170 S.W. 511. Nor can remaindermen have compulsory partition where there is an outstanding life estate in the entire property. Duke v. Allen, 198 Ky. 368, 248 S.W. 894; Piermann v. Piermann's Guardian, 187 Ky. 392, 219 S.W. 156; Lindenberger v. Cornell, 190 Ky. 844, 229 S.W. 54. While under several sections of our statute and Code of Practice, the courts may order partition or sale of property which cannot be divided without material impairment in value where a widow has dower or widower curtesy or a life right in a portion thereof, and may, alternatively, award a gross sum to such owner absolutely as being the present value of his or her life right, the statutes do not confer such power on the courts where the life estate is in the entire property. Piermann v. Piermann's Guardian, supra. If the circumstances are such as to call for the exercise of judicial power to sell property in which there is a life right, the proceeds are held by the court until reinvested under its orders, and there is no power in the court to divide the proceeds between the life tenant and the remaindermen or to reinvest only so much as belongs to the remaindermen, paying the commuted value to the life tenant or his grantee. Lilly v. Clay, 102 S.W. 278, 31 Ky.Law Rep. 317; Wallen v. Nicely, 222 Ky. 825, 2 S.W.2d 648. Formerly even some of these powers did not exist. The very presence of this restrictive statutory authority presumes the absence of judicial power to go beyond the limitations."

This is a proceeding under KRS 389.-020(1) (b) asking for a sale and a division of the proceeds and not a proceeding under 389.030 which provides for a sale of reversion or remainder interest and reinvestment of the proceeds.

In the case of Berry v. Lewis, 118 Ky. 652, 82 S.W. 252, 253, 84 S.W. 526, an action was brought by a life tenant under section 490 of the Civil Code of Practice (KRS 389.020(1) (b)). A sale of the property and distribution of the proceeds was decreed and the remaindermen who had resisted the sale prosecuted an appeal. It was held that the judgment granting the sale was unwarranted and it was therefore reversed. In the opinion it was expressly said "that a remainder interest is not property in possession within the meaning of this subsection," citing a number of Kentucky cases.

In Wallen v. Nicely, 222 Ky. 825, 2 S.W.2d 648, it was held that a sale of a life estate and defeasible fee in the remainder may not be had under this section of the statute; that the sale of a life estate and defeasible fee in the remainder may be had only for the purpose of paying the taxes against the property and for the reinvestment of the balance of the proceeds in real estate. The life tenant is not entitled to the cash value of his life estate.

It is stated by the Kentucky Court of Appeals that there has been some confusion in the application of Section 490 of the Civil Code of Practice (KRS 389.-020(1) (b)). The cases of Atherton v. Warren, 120 Ky. 151, 85 S.W. 1100, Cammack v. Allen, 199 Ky. 268, 250 S.W. 963, and Trumbo v. Sanford, 305 Ky. 231, 203 S.W.2d 22, are cases in which a sale under this section was upheld. Those cases do not present facts similar to the facts presented by the case at bar. Under these cases one of the joint interests was held in fee simple with the present right of possession of the property. In Cammack v. Allen, supra, Judge

Thomas, speaking for the Kentucky Court, makes the distinction in the following language:

"The next question is: May one who has a presently vested fee title to an undivided interest in land with the present right of possession maintain an action to sell it for the purposes of division under subsection 2 of section 490 of the Code, which requires, among other things, as a condition precedent to the relief that 'the estate be in possession?' In other words, does the fact that the fee in one or more of the shares is preceded by a particular estate and not extending to the whole with the right of joint possession in the owner or owners thereby postponing the right of possession by the remaindermen, destroy the joint possession rendered necessary by the Code in order to procure the sale for division purposes? To undertake to review each case that has been before this court dealing with the question, or to rehearse their facts and point out the differences between them would not only carry this opinion beyond proper limits but would impose too great a burden upon us and unnecessarily consume the time demanded by other litigants whose claims are pressing upon us for determination. Suffice it to say that the opinions are not altogether harmonious. In Dineen v. Hall, 112 Ky. 273, 65 S.W. 445, 66 S.W. 392, it was held that an action similar to this one could not be maintained under the provisions of the section of the code, supra, where the possession was held jointly by the owner of the fee of a part of the land and by life tenants of another part or parts, the fee in remainder to those parts being held by others. That case followed and was bottomed on the opinions in the cases of Malone v. Conn, 95 Ky. 93, 23 S.W. 677, and Swearingen v. Abbott, 99 Ky. 271, 35 S.W. 925. The opinion in the Malone case was not an authority under the facts of the Dineen case, since there existed a life tenancy in the whole of the property in the Malone case, which clearly was not such a joint possession of the title as authorized a sale for division under section 490. The Swearingen case seems to be in point and supported the holding in the Dineen case, but the latter case was expressly overruled by this court in the case of Atherton v. Warren, 120 Ky. 151, 85 S.W. 1100. In the subsequent cases of Wormald's Gdn. v. Heinze, 90 S.W. 1064, 28 Ky.Law Rep. 1022; Stine v. Goodman, 92 S.W. 612, 29 Ky.Law Rep. 221, and others following them it was recognized that the Atherton opinion overruled the prior case of Dineen v. Hall, supra; and since the rendition of the Atherton opinion it has been the uniform holding of this court that where property jointly held in possession, if indivisible without materially impairing its value, may be sold under the provisions of section 490 of the Civil Code although some of the shares are held by life tenants with remainder in fee to either adults or infants. Other cases besides the Atherton and Stine cases so holding are those of Walsh v. Parr's Ex'r and Trustee, Ky., 110 S.W. 300 (Kentucky, and not elsewhere reported); Lindner v. Ehrich, 147 Ky. 85, 143 S.W. 778; Wallace v. Wallace's Ex'x, 149 Ky. 636, 149 S.W. 988; Harting's Ex'x v. Milward's Ex'r, 90 S.W. 260, 28 Ky.Law Rep. 776, and Piermann v. Piermann's Guardian, 187 Ky. 392, 219 S.W. 156. The cases cited and relied on by counsel for appellees are those where the whole of the estate was in possession of the owner of a particular estate and there was no present joint possession of the fee by the owner of an undivided interest in the land with the owners of particular estates and the remaindermen in other portions of it, or otherwise; under which circumstances the provisions

of the section do not apply, but under the Atherton Case and others following it where one of the joint interests is held in fee simple with the present right of possession the property may be sold for the purposes of division when it cannot be divided in kind notwithstanding other undivided shares are held by life tenants and remaindermen although by defeasible titles." [199 Ky. 268, 250 S.W. 965.]

Following the ruling laid down in Cammack v. Allen, supra, the Kentucky Court upheld a sale under this section in the case of Trumbo v. Sanford, supra. In that case the parties had a vested fee in an undivided three-fifths interest in the realty which was not capable of division. This was an estate in possession entitling them to have the realty sold for a division, notwithstanding the fact that the remaining interest was held by life tenants per autre vie with defeasible remainder fee in others.

Under the statement of fact in the case at bar I am of the opinion that there is no applicable statutory provision for a sale of the real estate and a division of the proceeds. The court is consequently without authority to enter a judgment directing a sale. Any sale under a judgment from this court in the present state of the record would be void and no title would pass to a purchaser.

■ In addition to the above stated ground for denying the relief asked, the court is further of the opinion that this real estate is now a part of a trust created by the will of Dan Maher and now under the exclusive control of the trustee, Frank Maher, Jr., who qualified in the Mason County Court by appointment of the testator. KRS 389.045, which is former Civil Code, Sec. 494, provides under subsection (8) that: "If a deed or will give to a trustee a discretionary power to sell the property, the court shall not have power to order a sale of [the estate] without the consent of the trustee."

The will expressly authorizes and empowers Frank Maher, Jr. to sell or convey the real estate while acting as executor or trustee. Frank Maher, Jr., by his answer as an individual and by an interpleader as trustee, asks that the plaintiffs' petition to sell the land and divide the proceeds be denied and that insofar as the action seeks such relief that it be dismissed.

■ The plaintiffs and certain of the defendants attack the validity of the appointment of Frank Maher, Jr., trustee by the Mason County Court. It is argued that he is not a proper trustee; that he has not been properly appointed and qualified and is a trustee de son tort. This is not the proper forum to attack the validity of the Mason County Court order. On its face it is a valid order of a court of competent jurisdiction and must be accepted by this court. Whether there was or was not notice of the appointment is immaterial here. Even assuming that the lack of notice was sufficient to void the order, the county court had jurisdiction and its order is at most merely irregular and not subject to impeachment in a collateral proceeding. The appointment of a trustee by a court of competent jurisdiction cannot be collaterally attacked by an alleged want of notice of the appointment. Noel v. Harper, 170 Ky. 657, 186 S.W. 503; Sanders v. Hall, 10 Cir., 74 F.2d 399; Haggin v. Straus, 148 Ky. 140, 146 S.W. 391, 50 L.R.A.,N.S., 642.

· The remedy, if any to which the complaining parties may resort is on proper motion before the county court in which the order was entered and if unsuccessful an appeal to the Circuit Court of Mason County. Baesler v. Bell's Executrix, Ky., 299 S.W.2d 605.

Wilson v. Jackson, 193 Ky. 101, 235 S.W. 28, in commenting upon subsection (8) above quoted, pointed out that it is an elementary legal principle in Kentucky that an infant's land can be sold only in the manner and when authorized by statute. The opinion further says that it is obvious that an executor of the will, who was also made trustee of

the property devised to the plaintiffs and defendants, was a necessary party to the action and the court did not have power to order a sale of the land without his consent. In the same opinion Judge Clarke expresses doubt that the land could be sold under section 490 of the former Civil Code (KRS 389.020(1) (b)) even with the consent of the trustee.

While it may be said that the record setting forth the various parties and their respective interests in the estate of Dan Maher presents a rather confused picture for a chancellor undertaking to give each of the parties all of the rights to which he is entitled and at the same time carry out the will of the testator and protect the interests of all parties, it cannot be said that the testator did not have and show by his will a clear intention of what he wanted done with his property.

The beneficiaries of the will must take their gratuities on the terms of the giver and not on their particular desires of what they would like to do with their inheritance. It was the intention of Dan Maher to preserve this property intact throughout the life of the life tenants and to have it descend in kind to the remaindermen. It is true he ran counter to the rule against perpetuities in the bequest to his brother Thomas Maher. That, however, does not diminish an understanding of his intention but rather accentuates it. He expressed his confidence in Frank Maher, Jr. and made him his executor without bond.

A sale of the property and a division of the proceeds would be contrary to the intention of the testator, without authority of law, and would jeopardize the inheritance of the ultimate remaindermen.

In the foregoing opinion I have decided all substantive questions of law presented by the record and argued, both orally and in briefs, by the attorneys for the various litigants. There is, however, a much more serious question that has not been raised throughout this proceeding; that is, the question of this court's jurisdiction to entertain the action.

The federal Judicial Code confers upon district courts jurisdiction "of all civil actions where the matter in controversy exceeds * * * $3,000 * * * and is between: (1) Citizens of different States * * *" 28 U.S.C.A. § 1332 (a) (1).

The plaintiffs, as shown by the original complaint, are residents and citizens of the State of Ohio and all of the defendants are residents and citizens of the State of Kentucky. On its face it would appear that the requisite diversity of citizenship existed. As the case has progressed it is apparent that the interests of the plaintiffs are not in conflict with the interests of all of the defendants. All of the parties, both plaintiffs and defendants, with the exception of the defendants, Frank Maher, Jr., John Maher, James Maher, Michael and Bonnie Maher, join with the plaintiffs in asking that the land be adjudged to be indivisible and sold and that the proceeds of sale be distributed among the parties. There is no collision of interests between the plaintiffs and these defendants.

The question which the court must ask is this: Does an alignment of the parties in relation to their real interests in the "matter in controversy" satisfy the settled requirements of diversity jurisdiction? The answer is, I do not think so. The question of jurisdiction depends on the real interests of the parties and it is the duty of the court to rearrange the parties as their interests appear from the record. If the realignment results in a plaintiff and defendant being residents of the same state, the requisite diversity of citizenship is lacking and the case must be dismissed for want of jurisdiction. Staten v. Louisville Trust Co., D.C., 28 F.Supp. 301.

The Court of Appeals for the Sixth Circuit in Detroit Tile & Mosaic Co. v. Mason Contractors' Ass'n, 48 F.2d 729, pointed out that the court should deter-

**812**

mine the interests between the plaintiffs and defendants and whether or not the plaintiff was really attempting to enforce by the action a right of the defendant.

The question of diversity is not solved by a mere reference to the parties' own determination of who are plaintiffs and defendants. It is the duty of the court to look beyond the pleadings for jurisdictional purposes and align the parties according to their real interests. Swanson v. Traer, 7 Cir., 230 F.2d 228, and cases cited in that opinion.

▬ To sustain federal jurisdiction on the ground of diversity of citizenship, there must exist an actual, substantial controversy, on one side of which the parties must all be citizens of states different from those of which the parties on the other side are citizens. This court is a court of limited jurisdiction and cannot entertain any action at law unless it can be brought squarely within the statutory provision granting to this court jurisdiction to entertain the cause. If at any step in the proceeding it appears that the jurisdiction of the court is lacking, then it is the duty of the court to dismiss the action.

▬ The rule is best stated by Mr. Justice Frankfurter speaking for the Supreme Court, in the opinion in City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 16, 86 L.Ed. 47. I quote as follows:

"As is true of many problems in the law, the answer is to be found not in legal learning but in the realities of the record. Though variously expressed in the decisions, the governing principles are clear. To sustain diversity jurisdiction there must exist an 'actual', Helm v. Zarecor, 222 U.S. 32, 36, 32 S.Ct. 10, 11, 56 L.Ed. 77, 'substantial', Niles-Bement-Pond Co. v. Iron Moulders Union, 254 U.S. 77, 81, 41 S.Ct. 39, 41, 65 L.Ed. 145, controversy between citizens of different states, all

of whom on one side of the controversy are citizens of different states from all parties on the other side. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435. Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings and arrange the parties according to their sides in the dispute'. City of Dawson v. Columbia [etc.] Trust Co., 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary 'collision of interests,' Dawson v. Columbia [etc.] Trust Co., supra, 197 U.S. at page 181, 25 S.Ct. at page 421, 49 L.Ed. 713, exists, is therefore not to be determined by mechanical rules. It must be ascertained from the 'principal purpose of the suit,' East Tennessee, V. & G. R. Co. v. Grayson, 119 U.S. 240, 244, 7 S.Ct. 190, 192, 30 L. Ed. 382, and the 'primary and controlling matter in dispute,' Merchants' Cotton Press & Storage Co. v. Insurance Co., 151 U.S. 368, 385, 14 S.Ct. 367, 373, 38 L.Ed. 195. These familiar doctrines governing the alignment of parties for purposes of determining diversity of citizenship have consistently guided the lower federal courts and this Court."

In the case at bar it is necessary that the parties be realigned as their interests and demands appear. This makes all defendants except Frank Maher, Jr., John Maher, Bonnie Maher, James Maher and Michael Maher parties plaintiff. Under this realignment diversity of citizenship does not exist and the case must be dismissed for lack of jurisdiction. An order to that effect is this day entered.