## Lindner, an Infant, et al. v. Ehrich.

(Decided February 22, 1912.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Wills—Construction of—Parts of Will Upheld.—Where a part of a will can be upheld without doing violence to the evident intention of the testator, such parts will be upheld, and only such parts of the will rejected as violate the statute.

2. Same—Limitation—Void.—The limitation attempted is void for the reason that both of testator's children were living at the time of his death, and either of them might have had children born to them after his death, and these children might have lived beyond the period fixed by the statute, to-wit: a life or lives in being and twenty-one years and ten months thereafter. Any attempted limitation beyond that fixed by statute being void, the grandchildren took a fee in the property to which their parents held a life estate.

3. Same—Provision of Code.—Section 490, Civil Code, expressly authorizes the sale of property so held. (See Atherton v. Warren, 27 R. 632.).

ROSCOE CONKLING, ESQ., for appellant.

GEO. CARY TABB, RAY MANN for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Anthony Martin died in 1880, leaving a wife and two children. His daughter, Anne, Married one Ehrich, by

whom she had two children, and from whom she was divorced. Decedent, by his will, which was probated shortly after his death, placed all of his property in the hands of a trustee, to be held by him for the benefit of his wife and two children, and any children they might have, as hereinafter set out. The trustee never qualified, but the family retained the property and rented it out until 1894, when the widow died. Thereafter William took charge of the property named in the will in which his father wanted him to have a life estate, and Mrs. Ehrich took charge of hers, and they have so since held and used it.

One of Mrs. Ehrich's children died during her infancy, leaving no issue. The other married George Lindner, and thereafter died, leaving one child, Anne Rose Lindner. The income realized from the property so held by Mrs. Ehrich was all consumed in the payment of her living expenses. The taxes accumulated thereon, until there was more than a thousand dollars owing, and the property was sold for these taxes. In order to save what she could and prevent the property being a total loss, she instituted a suit in the Jefferson Circuit Court, wherein she sought to have a construction of the will of her father and a sale of such interest in the property as it should be determined she took thereunder. She made her infant granddaughter a defendant. She likewise made parties defendant her brother, and all those who under any condition or contingency provided for in the will might by any possibility inherit any part of the estate. None of the defendants answered or made any defense except the guardian ad litem for the infant, who was appointed by the court to represent the infant defendant, Anne Rose Lindner, and certain other infant defendants. Upon consideration the chancellor was of opinion, and so held, that the plaintiff, under the will of her father, took a life estate in the property in question, and that her children took the fee, and one of them having died in infancy, without issue, she inherited that portion thereof belonging to such child. So that he adjudged her to be the owner of one-half of the remainder in fee in addition to her life estate in the entire property. The other one-half interest in the remainder in fee was adjudged to her granddaughter, Anne Rose Lindner. The property was adjudged indivisible and ordered sold, the infant's interest therein to remain a lien upon the property. The guardian ad litem, appar-

ently more for the purposes of perfecting title than with the object of procuring a reversal of that judgment, has prosecuted this appeal.

The will and its several codicils are as follows:

"Louisville, Aug. 7, 1868.

"The following I publish as my last will and testament hereby revoking all former wills by me made.

"1st. Its my wish that at my death I be buried in a decent Christian manner in front of my tombstone in my lot in the Methodist burial ground in the city of Louisville leaving enough room for my wife at my side and my daughter at our side and my son on the other and that my executor pay all my just debts and legal liabilities.

"2nd. At my death I wish my executor to have all my personal property of every kind appraised except such as is hereinafter specifically devised and after appraisement allow my wife and each of my children to take such of said articles as they may desire at the appraised value and the balance of said personal property be sold at such time as my executor may deem best.

3rd. I have heretofore advanced to my daughter, Anne, and her husband two thousand dollars with which I wish her charged and I desire to make my children as nearly equal as possible in the distribution of my estate and therefore in the distribution of my personal estate, including many notes and other property, wish my son made equal with her before she receive anything more from my estate.

"4th. I hereby will to my friend and brother, John T. Wood, in trust, the following property; the house and lot whereon I now live on the north S of Broadway bet. 8 & 9 Streets in the city of Louisville commencing 50 ft. W. of the N. W. corner of Eighth Street leaving a front of 50 ft. on Broadway and extending back N. the same width to an alley with all the improvements thereon, also a lot of ground on the W. side of Eighth St. commencing at a point one hundred and eighteen feet north of Broadway thence with the West line of Eighth Street to the alley leaving a front on Eighth St. of about 61 ft. together with all the improvements thereon to be held by him, the said John T. Wood, in trust for the sole use and benefit of my daughter, Anne Ehrich, during her life and after her death to be held in trust for the use and benefit of her child or children that she may have the

rents, profits and issues to be paid as hereinafter directed.

"5th. I will to my friend and brother John T. Wood in trust be held by him as hereinafter directed a lot of ground on the east side of Eighth street in the city of Louisville between Broadway and York Streets having a front on 8th street of 60 ft. and extending back the same width 200 ft. to an alley together with all improvements thereon also my little farm in Jefferson County near the fair grounds known as the McGinnis farm containing about 17 acres with all improvements to be held by him in trust for the sole use and benefit of my son William T. Martin during his life and after his death to be held by him in trust for the sole use and benefit any child or children that he may have the rents issues and profits arising from said trust property to be paid as hereinafter directed.

"6th. At my decease I wish and hereby direct my executor after making sale of my personal estate as directed in the 2nd clause of this will to keep all my estate together such as is herein specifically devised and such of my household furniture as may be taken by my wife and children under the 2nd clause of this will including that devised in the 4th and 5th clauses of this will during my wife's lifetime and loan out the money or invest the same in bonds or stocks at his discretion and rent out the real estate including that devised in the 4th and 5th clauses of this will and after paying taxes insurance and all repairs that may be necessary in his discretion to keep the houses in good repair he is to pay my wife 1-3 of the net amount received from the interest rents, etc., the other 2-3 to be held by him for the exclusive and sole use and benefit of my daughter Anne and my son William as herein provided.

"7th. It is my will that my executor whilst he has possession of my estate as directed under the 6th clause of this will pay to my daughter Anne Ehrich the 1-3 of the net proceeds of the income as she may need it to live on during her life and her receipt to him for the same shall be sufficient but in no state of case is it to be paid to her husband or any one else on her order or assignment or transfer but to be paid to her in person.

"8th. The third of the net income derived from my estate whilst in my executor's hands under the provisions of 6th clause of this will going to my son I wish held by my executor until he arrives at the age of 21

years or the death of my wife. If my wife shall survive until my son attains the age of 21 yrs. and he is a sober industrious man of perfectly good habits and will in the estimation of my executor take care of and properly manage his estate, my executor can pay him over his one-third portion of said net income and take his receipt therefor. But on the contrary when my son arrives at the age of 21 years my executor does not think his habits are sober and industrious and he will not take care of his estate he will retain it and his portion of any other of the accumulations or earnings of his estate in his hands until he arrives at the age of twenty-four years then he is to pay them all over to him.

"9th. At the death of my wife I desire my executor to settle up my estate then in his hands and whatever of the estate money property or other thing he may have in his hands that will go to my daughter under this will. I wish passed to the trustee for my daughter as named in the 4th clause of this will which I wish held by him said trustee for my daughter with the same restrictions and for the same purposes as are contained in the 4 and 7 clauses of this will with like restrictions powers and instructions as are therein given to my executor.

"10th. I also wish at my wife's death if the portion of my estate going to my son arising from the net earnings or income from my estate have not been paid to him, then I direct that that as well as any other estate in his hands going to my son under this will be paid to the trustee named in the 5th clause of this will which I wish and direct to be held by said trustee for my son with the same restrictions powers and instructions and for the same purposes as are contained in the 5th and 8th clauses of my will and as are therein given my executor.

"11th. It is my will and I hereby direct that at no time and under no circumstances shall my executor or the trustee of my son or daughter allow them to incroach upon any part of the principal or money devised to them nor shall my executor or the trustee for either of my children or anyone else have authority to sell any of the real estate herein devised except by decree of court and then only for the purpose of reinvesting the proceeds to be held under like restrictions and like purposes as the original property is held under the provisions of this will. But nothing herein contained is intended to prevent my executor or the trustee of either of my children from loaning out the money from time to time or invest-

ing the same in bonds or stocks and selling or changing the same at their discretion.

"12th. In case my daughter shall die leaving a child or children living then said trustee is to hold the estate herein willed to my daughter in trust for said child or children under the same restrictions and provisions as the estate is now held for my daughter but in case she die leaving no child or that she die leaving a child living which child afterwards dies leaving no children then and in that case the whole of the estate willed herein to my daughter shall go to the trustee for my son and be held by him as the property herein willed to him is held for my son and his children.

"13th. In case my son shall die leaving a child or children living then in that case said trustee is to hold said property hereby willed to my son in trust for said child or children under the same trusts restrictions and provisions as the property is herein held for my son. But in case he should die leaving a child which afterwards dies or he should die leaving no child then in that case the whole of the estate herein willed to my son shall go to the trustee for my daughter and be held by him for her use and benefit as the property herein willed to her is held.

"14th. In case my son shall die leaving no child and my daughter die leaving no child then I will my farm of 17 acres heretofore devised to my son to go to my brother John T. Wood and in case of his death to his children and the balance of the real estate herein described to my sister Elizabeth Woods and if she be dead to her children.

"15th. I hereby will to my daughter Anne (certain specific personal property).

"16th. I hereby will to my son two gold gentlemen's watches and which are worth $300.

"17th. To my wife I will all of her jewelry and all of our silverware now in use about our house.

"18th. I hereby nominate constitute and appoint friend John G. Barret Executor of this my last will and testament with full power and authority to carry out the provisions of this my will and it is my will and I hereby direct and request county court in case he the said Barret declines to act as my executor or my brother John T. Woods declines or does not accept the trusteeship herein imposed on him that the court shall appoint any one to act as executor of this will or anyone to act as trus-

tee under this will that he the said Barret may name or select.

(Signed) "ANTHONY MARTIN..

"Witnesses:

"GEO. GAULBERT,
"JOHN M. GORDON,
"JAMES L. BROWN."

"I make this codicil or amendment to my foregoing and hereto attached will. Since having my foregoing will written and having considered its provisions fully I hereby change the provisions thereof as to my son to this extent, that should he be sick or otherwise disabled from labor I wish my executor or trustee whoever at the time has possession of his estate pay over to him a sufficient amount to support him or supply his wants and when he arrives at the age of twenty-one years if his habits are good and he is industrious and sober then I wish my executor or trustee as the case may be having his estate to pay him over all his property of every kind except that described in the 5th clause of this will. If he should not at that age be sober and industrious and capable of taking care of his property then I wish the party having possession thereof at that time to retain it until he is 24 yrs. of age and then pay the same to him taking his receipt therefor.

"ANTHONY MARTIN.

"Witness:

"GEO. GAULBERT,
"J. M. GORDON,
"JAMES L. BROWN."

"Louisville, Jan. 25, 1872.

"This last part and addition to my will now in Mr. John G. Birch hands which I wish him to attach this to the other part of my will this being the last testimony of A. Martin of the city of Louisville, State of Kentucky, made and being in health and perfect in mind at this time and proclaim the same as thar has bin a alteration somewhat in the former part of the will I have solde 17 acres of land that I gave to my sone which I nowe give to him in the place of hite 2680 acres in Arkances or soe much of the land that is not sold when hit comes to him and he shal have the rite to do as he pleas with hit I have alsoe bout since the former parte of this will made a hous and lote a joining on the E. side of the old hous and

lote fronting on the N. side of Broadway commencin 17
ft. W. of the corner of 8 and Broadway then ronen West
with Broadway 33 fets to the line of the old hous and lot
then ronin north the same with 116x in the west line and
117 feet on the east side which I leave to my present wif
and then the 2 small houses adjoining the back end of
the above lot and frontin on 8th St. a Bout 60 or 61 fet
S. of a 15 foot aley ronin west same with 50 ft. to the
old house lot with all the improvements tharon to my
wife fur her suporte soe longe as she lives then to gowe
to my Daughter Anne and her 2 or more children for life
never to have the rite nor privileg to sel aney parte of
hit. If this 3 houes shud fale to supporte my wif after
the expences and taxes is paide then the balens of the
suporte for her shall come of the incume of my sones
parte soe longe as she lives I leave in addition to my son
Wm. bedin and Bed and my dest tin etc. (specific lega-
cies of personal property)—I request that my execute
cary out this will to the leter if thar shad not Bea anof
of incume and sale money an of in time to pay the dets
and shall have to sel any of the property to pay I re-
quest that the 3 story hous with 23 or 28 feet of ground
that I leave left to my wif ronin north 116 fet deep may
bea sold to pay the dets if cant Bea paide without there
is notes that I holde against Wm. Ehrich for some near
too 2 thousand dollars which is a just det and must Bea
paide if thar is any bon to make hit with interest from
date to pay off the dets if can bea got out of him I release
my dauter Anne of all incumbents on the nots whea as
mention in the fore part of this will about those notes I
side in the older parte of this will that one half then was
to Bea paide to my sone Wm. mount $1000 that I now
make nil in voyd. If my sone shud dye without are or
children then to give to my dauter and her children for-
ever to Bea under the control of my esecute for her and
her children benefit sh not never have the rite to sel hite
nor make noe claim nor dete on the property. If she
shode die and leave noe children then all that leave her
shal goe to my son Wm. and his children for ever and I
say if eath of the ones shode ever case a suite in lawe
about aney of this property the one that cases the suite
or troble shal pay all of the expences and los of suits. I
request my Execute Mr. John G. Barret to tende strictly
to my doutes interest her pres housband will Ehrich
neve to have every thing to do with her parte during his
life ime if Mr. Brerit shod want to give hit oupe will he

ples recimend some good man in his place soe then endes for the present this I exnoleg to Bea my last words as to this parte this 27 day of Jan. 1872.

"ANTHONY MARTIN."

"Witness:

"JOHN T. MONTGOMERY,
"GEO. GAULBERT,
"J. W. GAULBERT."

An analysis of this will, and particularly sections 4, 6, 9, 11, 12 and 14, and the codicil of January 25, 1872, discloses an unmistakable intention on the part of the testator to give first to his wife a life estate in a part of his property; second, to give to his son and daughter each a life estate in certain parts of his property, and in all of his property subject to the life estate of their mother in a portion of it; third, to give to the children of his son and daughter a life estate in the respective shares of his estate in which their parents had a life estate; fourth, in the event none of his grand children left surviving him or her any child or children, then the estate was to go to certain collateral kindred; and fifth, that the estate should be held in trust for the purpose of carrying out such intention. Since the son and daughter of testator were both living at the time of his death, it was not only possible, but probable, that either or both might have children born to them and that such children would live more than twenty-one years and ten months thereafter, and hence the attempted devise to the children of his son and daughter was void because in violation of the statute, section 2360.

What, then, are the rights of the parties, this devise as to the grandchildren being void? The testator clearly intended that his daughter should have only a life estate in the property and that thereafter it should go and be held for the benefit of his grandchildren. If they should leave issue of their body these grandchildren should take the property in fee. In the case of G. E. Beall v. M. M. Wilson, decided February 8th, 1912, the question here involved was discussed, and in an elaborate opinion it was held that where parts of the will can be upheld without doing violence to the evident intention of the testator, such parts will be upheld, and only such parts of the will rejected as violate the statute. Applying this rule, there is no reason why the life estate given appellee by her father should not be upheld and enforced. He wanted to

care for his grandchildren and attempted to make a provision for them that would insure them a home and perhaps an income during their lives. He thereafter attempted to limit their interest in his property as he did that of his children, to-wit, give them only a life interest, with a remainder in fee to their children, or to the survivor or survivors of them. This attempted limitation is void, for the reason that both of his children were living at his death and either might have had children born to them after his death, and these children might have lived beyond the period fixed by the statute, to-wit, a life or lives in being and twenty-one years and ten months thereafter. Any attempted limitation beyond that fixed by the statute being void, the grandchildren took a fee in the property in which their parents held a life estate. Appellee had two children and they each took a fee in one-half of the property in which she had a life estate. One of these died, leaving no child, and her mother inherited her half. The other died, leaving one child, Anne Rose Lindner, who inherited her mother's portion. So the chancellor correctly held that appellee owned a life estate in all this property and a fee in remainder in one-half of it, and her grandchild, Anne Rose Lindner, owned the other half in remainder in fee.

Section 490 of the Code, as interpreted by this court in Atherton v. Warren, 27 Rep., 632, expressly authorizes the sale of property so held, and the judgment is, therefore affirmed.