## Brady v. Brady, et al.

(Decided April 24, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch, No. 1).

Wills—Dower—When Widow Not Entitled To.—Under a devise of land to a husband for life with remainder to his children if he leaves issue, the widow is not entitled to dower upon the death of the husband with or without issue.

J. M. CHILTON for appellant.

SAMUEL W. GREENE and ROBERT E. WOODS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The will of George McCurdy contains this provision:

"I give and devise to my beloved nephew, Matthew Brady the tract of land on which I now reside known as the Old Taylor place and situated in Jefferson County, Kentucky, on the Brownsboro road, about five miles from the city of Louisville, containing about eighty acres, together with all the stock, crops, farming utensils, household and kitchen furniture, and everything on said place belonging to me. I also give and devise to said Matthew Brady, fifty acres of land in Jefferson County, Kentucky, on the Brownsboro road about six miles from the City of Louisville, being the west part of the eighty acres purchased by me from the McCampbell heirs in 1876. I give the two tracts of land just above mentioned to said Matthew Brady in fee simple. I also give and devise to said Matthew Brady during his life a lot of ground with the appurtenances thereunto belonging in the city of Louisville, Kentucky, situated on the northwest corner of Market and Second streets, fronting fifty-two and one-half feet on the north side of Market street and extending back northwardly including one house fronting on Second street. At the death of said Matthew Brady it is my will that said property shall belong to his children, if any, and if none then to his lawful heirs."

Matthew Brady died intestate on August 21, 1913, without issue, leaving surviving him his widow, Anna H. Brady, and three brothers who were his heirs at law. The widow brought this suit against the three brothers claiming that she was entitled to dower in the lot of

ground situated on the northwest corner of Market and Second streets in Louisville, which was by the will devised to her husband for life and at his death to belong to his children if any, and if none, then to his lawful heirs. The circuit court sustained a demurrer to her petition and the action having been dismissed, she appeals.

It is clear from the will that the testator knew the difference between a fee and a life estate. The old Taylor place and the land on the Brownsboro road are devised to Matthew Brady in fee simple, but the lot in Louisville on the northwest corner of Market and Second streets, is devised to him during his life.

Sections 2132, 2134 and 2345, Ky. St., are as follows:

"After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished; and the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent." (Sec. 2132, Ky. St.)

"If the husband during the coverture, was seized in law of the fee simple of any real estate, then the wife if she survive him, may have dower therein, although the husband may not have had actual possession thereof." (Section 2134.)

"If any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs, or the heirs of his body, or his issue or descendants." (Section 2345, Ky. St.)

By section 2132, Ky. Stats., the widow after the death of her husband shall have an estate for her life in one-third of all the real estate of which he or any one for his use, was seized of an estate in fee simple during the coverture; and by section 2134, Ky. Stats., if the husband during the coverture was seized in law of the fee simple of any real estate, then the widow may have dower therein although the husband may not have had actual possession thereof; but in no case is she entitled to dower under the statute where the husband has only a life estate in the land. By section 2345, Ky. Stats. if

any land shall be given by deed or will to any person for life and after his death to his heirs or his issue or descendants, the same shall be construed to be an estate for life only in such person. Matthew Brady, therefore, took under the will only a life estate in the Market street property, and as he had only a life estate in the property, his widow is not under the statute entitled to dower in it.

But it is insisted that a different rule was laid down in Jacob v. Jacob, 4 Bush 110, and Johnson v. Jacob, 11 Bush, 646. The second case merely followed the first being based upon the same will. It was not held in either case that the widow was entitled to dower in the land under the statute. It was only held that she took under the will as a legatee by implication a dower interest. That will provided that after the death of the life tenant the property should pass to his descendants "in the same manner as it would pass by the law of descent if the same were to descend from him;" and there were a number of subsequent provisions in the will showing that the testator who was the father of the life tenant, did not contemplate excluding his daughter-in-law from any interest in the property. The case turns on the peculiar provisions of the will which was there before the court, from which the court concluded taking the will as a whole that the testator intended his son's widow to take as a legatee by implication in case she survived him. After referring to a number of provisions of the will, the court thus stated its conclusions:

"All these provisions manifest an intention in the testator, that, should any of his sons die, his surviving wife should be endowed, as he devises the remainder to those who would take under the laws of descent from the holder of the life estate."

There are no provisions in the will before us similar to those there before the court, and that case is to be understood as rested simply on the construction of the will then before the court.

Judgment affirmed.