## Bodkin v. Wright et al.

(Decided Jan. 12, 1937.)

WHEELER & SHELBOURNE for appellant.

F. B. MARTIN and NOYL B. ROGERS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

I. S. Bodkin, a resident of Carlisle County, died without issue in 1931. In this action by his heirs to sell a 200-acre tract of land conveyed to him by his father and mother, his widow, Ora Bodkin, asserted dower. Her claim was denied, and she appeals.

> The material portion of the deed reads as follows: "Know all men by these presents that We, D. Bodkin, Sr. and wife Eliza Bodkin, for the consideration of the love and affection which we have and bear for our son, I. S. Bodkin, and as an advancement to him, and which is valued at Fifteen Dollars per acre we do hereby convey in trust for the use of our said son to I. T. Bodkin, Byron Bodkin and Asa Bodkin the following described land * * * [here follows description], which is hereby conveyed to said Trustee I. T. Bodkin, Byron Bodkin and Asa Bodkin in trust for our said son, I. S. Bodkin by this our Deed of General Warranty, which is to be held in trust and for the benefit of our said son during his life and then to his lawful heirs. The said Trustees to give the annual issue and profits of said land to said I. S. Bodkin during his life with no power to said I. S. Bodkin over the same or to sell or dispose of the same."

The case turns on the character of the husband's estate. It is essential to the widow's right of dower that the estate be one of inheritance, either legal or equitable. Northcut v. Whipp, 12 B. Mon. 65. Our statute provides for dower where the husband is seized "of an estate in fee simple during the coverture." Section 2132, Kentucky Statutes. Even a defeasible fee limited over on death without issue is an estate of in-

heritance, and the widow has dower although the estate expires by death without issue. Landers v. Landers, 151 Ky. 206, 151 S. W. 386, Ann. Cas. 1915A, 223; Rice v. Rice, 133 Ky. 406, 118 S. W. 270; 19 C. J. 475. But there is no dower in a life estate. Brady v. Brady, 158 Ky. 541, 165 S. W. 655. The reason is there is no inheritable quality attached to a life estate, but immediately on the death of the life tenant the title passes to another, and dower being a mere continuance of the estate of the husband, the widow's right to dower cannot extend beyond his life. Washburn on Real Property (6th Ed.) sec. 362; 19 C. J. 472, 473. Looking at the deed, we find that the land was conveyed "as an advancement to be held in trust and for the benefit of our said son, during his life and then to his lawful heirs. The said Trustees to give the annual issue and profits of said land to said I. S. Bodkin during his life with no power to said I. S. Bodkin over the same or to sell or dispose of the same." If the deed were one of doubtful construction, the fact that land was conveyed to the son as an advancement might have controlling effect. But we cannot overlook the provisions of the deed that the land was to be held for the benefit of the son during his life and that the issue and profits were to be paid to him during his life with no power on his part "over the land or to sell or dispose of same." Indeed, our statute distinctly provides that if any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs, or the heirs of his body, or his issue or descendants. Section 2345, Kentucky Statutes. It follows that the estate of the husband was a mere life estate, and that the widow was not entitled to dower.

But it is insisted that the will in question is similar to the will involved in Jacob v. Jacob, 4 Bush, 110, where the widow's right to dower was upheld. A reading of that opinion will disclose that the court, after examining several provisions of the will, came to the conclusion that the widow was entitled to a dower interest as legatee by implication. Whether the decision be sound or not, we need not determine. It is sufficient to say that the will contained provisions not present in

the will in question, and to add that, to the extent that that opinion holds or intimates that there may be dower in a life estate, it is disapproved.

Judgment affirmed.