## Holoway v. Crumbaugh et al.
(Decided Nov. 15, 1938.)

378

CLINTON M. HARBISON and SAMUEL M. WILSON for appellant.

J. C. McKNIGHT for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This suit was brought in the Scott circuit court by the appellees for the specific performance of a contract of sale and purchase, whereby the appellees contracted to sell their farm to the appellant, Holoway, with a good fee simple title thereto.

The appellant, by his answer, pleaded that he refused to carry out his contract of purchase, for the reason that the appellee seller, George W. Crumbaugh, was unable to convey him the farm purchased with fee simple title thereto, in that he had acquired and held as a devisee under the will of his grandfather, A. G. Crumbaugh, solely by virtue of which he claimed title to the place, only a defeasible title to the land.

Upon the cause being submitted for judgment upon the demurrer filed by appellees to the buyer's answer, the court sustained the same and directed the appellant to specifically perform his contract of purchase in accordance with its terms.

Contending that the learned chancellor's decree is in error in its construction of the will under which the seller alone claims whatever title he held to the farm sold appellant, and in holding that seller had acquired, under the devise made him by clause 5 of his grandfather's will, a fee simple title rather than a mere defeasible fee in the land, appellant prosecutes this appeal.

The facts disclosed by the record are that on January 18, 1938, the appellant, Holoway, bought the farm in question (consisting of a tract of some 64 acres), lying on the waters of North Elkhorn creek in Scott county, from the appellees, George W. Crumbaugh and wife, at a public auction sale thereof at the high price bid of $215 per acre, upon the terms that the purchase price was payable in cash, on seller's delivery to buyer

of a general warranty deed conveying him the land, with good fee simple title, free of incumbrances.

It is undenied that such were the terms of the parties' contract of sale and purchase of this farm, as same was duly evidenced by a written contract, simultaneously executed by them, setting forth the terms of the sale contract to be as above stated.

Within a few days after the sale, however, the buyer, upon being advised by his attorney, after making an examination of the seller's title, that the seller did not have a fee simple title to the farm sold him and was unable to convey him the land with good fee simple title, for such reason declined to accept the deed proffered him by appellees in performance of their contract of sale, at the time notifying seller that his reason for so doing was that the seller, having but a defeasible title in the land, rather than a fee simple title as contracted for by him, was unable to carry out his contract of sale with him.

Thereupon seller, claiming that he held the land sold appellant in fee simple, filed this suit against appellant for specific performance of the contract, alleging in his petition the facts as above stated and, further, that he had executed a good and proper general warranty deed of conveyance of the land to buyer and was ready and able, as he held a fee simple title in the land, to make him conveyance of the property with fee simple title thereto, in accordance with the terms of their contract of sale and purchase of it, but that the defendant buyer had nevertheless notified him that he would not accept his proffered deed of conveyance of it or carry out his contract of purchase, for which reason the petition concluded with the prayer that appellant be ordered to specifically perform it, according to its terms.

Appellant answered, wherein he pleaded and set out his reason for refusing to accept the deed tendered him, which was, as stated above, that plaintiff had failed to convey him by his proffered deed a fee simple title, in that the seller held not a fee simple title but only such title to the land as he had acquired, as a devisee, under the will of his grandfather, A. G. Crumbaugh, whereby the testator, by clause 5 thereof, had devised his farm of some 239 acres (containing the 64 acre tract in question), to the children of his son, Fred S. Crumbaugh, with the following limitation over, "the devise to in-

clude his present children and any children that may be born, either before or after my death," and, further, that "in the event of the death without living issue of any of the children of my said son (his grandchildren), after my death, the estate going to such an one if he had lived shall go to the other children of my said son," etc.

Further, the answer alleged that prior to the death of the said testator, A. G. Crumbaugh, in 1912, his (the testator's) son, the said Fred S. Crumbaugh, had three children, Fred S. Crumbaugh, Jr., Bess Crumbaugh and George W. Crumbaugh, the plaintiff. Testator's son, Fred S. Crumbaugh, who by clause 6 of the will was made testamentary trustee for life of the estate, died in 1934, leaving then surviving him the above named children, who, shortly following their father's death in February, 1934, conceiving that the defeasible interests devised them by the testator had by the death of their father, leaving them surviving, been converted into vested fee simple interests, made partition of the testator's 239 acre farm devised them and with their respective marital consorts executed deeds to the land among themselves, wherein the 64 acre tract in question was conveyed to the plaintiff herein, George W. Crumbaugh, by his brother and sister respectively, Fred S. Crumbaugh, Jr., and Bess Crumbaugh, with covenants of general warranty.

Further the answer pleaded that as the seller, George W. Crumbaugh, had only such title to the land sold him as he had acquired under clause 5 of this will, providing that in case he should die at any time without leaving issue surviving him, the said 64 acre tract of land sold appellant would immediately vest in his brother, Fred, and his sister, Bess, or the children of either of them that might then be living, he did not acquire, under the will, a good fee simple title, but only a defeasible fee, subject to divestment upon his death at any time without leaving issue and that the said plaintiff, though he had been married several years, had not yet had any issue.

To this answer plaintiff filed general demurrer, when the cause was submitted upon the pleadings and demurrer to the answer to the court for judgment.

It was the opinion of the circuit court that the only question presented in the case and raised by appellee's demurrer to the defendant's answer was, What charac-

ter of title did the appellee George Crumbaugh take under clauses 5 and 6 of his grandfather's will, a fee simple or only a defeasible title?

His conclusion was, as contended by plaintiff, that the term of the will, "dying without issue," should be limited to the lifetime of Fred S. Crumbaugh and if not correct in that, then that the limitation over in clause 5 of the will was too remote and violated the rule against perpetuities, which was effective to vest the estate in the testator's three named grandchildren.

It was further the opinion of the court that this case came within the well-known rule of this court that where the term "dying without issue" is used in an executory devise and where a preceding life estate has been created, the dying without issue must occur during the life estate to work a defeasance.

No one of the three grandchildren of testator, to whom these defeasible fee interests in his estate had been devised, had died during the lifetime of his son, Fred S. Crumbaugh, by the will made a testamentary trustee for life of the estate, for which reason it was further the opinion of the court that the testator had intended his grandchildren's defeasible interests, upon their surviving their father, to become vested fee interests, just as if he had devised to the son a preceding life estate in the property.

Therefore the chancellor decreed that at the death of Fred S. Crumbaugh, the fee to the 64 acres of land in Scott county vested in the plaintiff, George S. Crumbaugh, and that his title was no longer a defeasible, but a fee simple title in the property and in accordance with such decree sustained the demurrer to defendant's answer and ordered the defendant to perform his contract of purchase in accordance with its terms.

We are of the opinion that the decision made was correct, for which reason we deem it unnecessary to enter into a discussion of the propriety of the grounds upon which the chancellor rested his decision, in holding that the appellee had under the will of his grandfather acquired a fee simple title in the property.

However, appellant insists that the decree was erroneous upon the ground held by the court, that plaintiff's defeasible fee under the will had become a vested fee simple title upon the death of his father, as con-

trolled by the Kentucky rule applied, that where the term "dying without issue" is used in an executory devise where a preceding life estate has been created, the "dying without issue" must occur during the life estate to work a defeasance, because testator's son was here by the will not devised a life estate in the property and that therefore the rule was inapplicable.

However, the chancellor's opinion was further to the effect that if he were in error in the application of that rule, he was further of the opinion that the limitation over in clause 5 of the will was so remote as to create a perpetuity, in violation of section 2360, Kentucky Statutes, which reads as follows:

"The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

It is to be seen that the fifth clause of the will undertakes to devise testator's estate to the children of his son, Fred S. Crumbaugh, which devise is also made to include his son's present children and any children "that may be born, either before or after my death." Further it is provided by clause 5 that "in the event of the death without living issue of any of the children of my said son, after my death, the estate going to such an one if he had lived shall go to the other children of my said son, the children of any child that may be dead to take the part of the one or ones so dying."

It is obvious that by the fifth clause of the will there is an attempt to tie up the estate until the death of the last of the surviving grandchildren, regardless of when he was born and when he might die, or whether his death might occur at so remote a time as to violate the provision of the statute against perpetuities, providing that the power of alienation "shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

In the very well-considered case of Tyler v. Fidelity & Columbia Trust Co., 158 Ky. 280, 164 S. W. 939, delivered for the court by Judge Miller, there is quoted with approval from Moore's Trustees v. Howe's Heirs, 20 Ky. 199, 4 T. M. Mon. 199, as follows [page 941]:

"To prevent * * * estates from being locked up forever from commercial and social purposes, it (the law) has forbidden perpetuities, and fixed a period beyond which no one is allowed to direct how his estate shall devolve. That period is for life, or lives in being, and 21 years and a few months, and the rule is the same in this country, in relation both to real and personal estate. A man cannot, therefore, devise over an estate to take effect after that period, and if he does so the limitation over will be void, and the person who takes the preceding estate will have the fee-simple or absolute property in the estate devised." (Parenthesis ours.)

Further, there is also quoted with approval in the Tyler Case our holding in the case of U. S. Fidelity & Guaranty Co. v. Douglas' Trustee, 134 Ky. 374, 389, 120 S. W. 328, 341, 20 Ann. Cas. 993, where we said:

"This court has uniformly held that the word 'grandchildren' means not only the offspring of children in being at the time of the death of the testator, but any that may be thereafter born. This is the only just, reasonable, and fair rule of construction. A child of a son or daughter is not less a grandchild because born after the death of its grandparent, and common justice would require that after-born children should be entitled to participate in the residuum of the estate, unless there is some provision in the will evidencing clearly an intention on the part of the testator that they should not be permitted to do so."

In the instant case not only is there no provision of the will evidencing the intention on the part of the testator that after-born children of his son should not participate in the residuum of the devised estate, but the very language of clause 5 of the will expressly provides that such after-born grandchild or grandchildren should participate in the residuary estate upon another of that class dying without leaving issue.

It is to be noted also that in the Tyler Case it was said, as may also be said in the instant case, that "even if the estate [here by the fifth clause of the will devised] is carried, under the will, as far as it is legally possible, [without violating the statute against perpetuities], and be then divided, nevertheless the estate descends to

those who are entitled to the fee, as if it followed the statutes of descent and distribution.''

The devise here made by clause 5 of the will, to his then present grandchildren and any that should be born either before or after his death, and in the event of whose death without living issue, the estate going to such an one, if he had lived, should go 'to the other grandchildren, being void, as attempting to restrict the alienation of such interest beyond the reasonable period provided by the statute against perpetuities, the case, in such respect, is the same as the Tyler Case, supra, and it may be here said, as was said in the Tyler Case, that:

> ''The case now stands as if no will had been written, because the law is that, when a person dies leaving a will which devises property according to the statutes of descent and distribution, the persons taking the property take under the statute or the law, and not under the will. The result is that, whether the estate progresses under the will as far as it is legally possible and is then divided, or whether it is held the will is void and the division of the estate is made as if there were no will, the division is precisely the same.''

To like effect was this rule declared in Ligget et al. v. Fidelity & Columbia Trust Co. et al., 274 Ky. 387, 118 S. W. (2d) 720, where we said [page 725]:

> ''The modern rule permits the estate to progress under the will up to the point where the rule against perpetuities begins to operate and creates a fee in the person who, under the statute of descent and distribution, or the will of the donor of the power, is authorized to take it.''

For a further statement and discussion of this rule, see the cases of Chenoweth v. Bullitt, 224 Ky. 698, 6 S. W. (2d) 1061 and Renaker v. Tanner, 260 Ky. 281, 83 S. W. (2d) 54.

Guided by such rule and applying it to the construction of the provisions of clause 5 of the will, we are led to conclude, the class and number of testator's grandchildren being fixed by the death of his son, Fred, in 1934, foreclosing the possibility of further additions to the class entitled to participate as devisees in the estate, that there was then presented, by the further terms of the clause, only the question as to whether or not any

-valid devise of contingent interests in the estate was thereby made to testator's great-grandchildren.

Clearly its attempted devise to them came within the inhibition of the statutory rule against perpetuities and as such was void, and under the aforesaid rule must be deleted. Such being done, it results that the decision of the chancellor has properly permitted the estate to progress under the will to this point where the rule against perpetuities begins to operate and by the deletion made, of the void devises to testator's great-grandchildren, removing the possibility of divestment, creates fee simple titles in the land devised the grandchildren, including the appellee, as if they followed the statute of descent and distribution.

Therefore it results that the appellee, George W. Crumbaugh, received or took under such approved construction of clause 5 of the will, a fee simple title to a one-third interest in the property of testator upon the death of his father and was the owner and holder of such title at the time of making the contract of sale here involved and therefore delivered by the deed proffered the defendant a fee simple title in the land sold him.

Such being our conclusion, the judgment of the chancellor so holding and directing the specific performance of the contract by the purchaser is approved and the judgment affirmed.