## Tillman et al. v. Blackburn et al.

Jan. 27, 1939.

JOHN B. THEISSEN for appellants.

ORIE S. WARE and WILLIAM O. WARE for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In April, 1938, the appellees, Marshall T. Blackburn and others, entered into a contract with appellants, Wil-

liam J. Tillman and Kathryn Tillman, his wife, whereby the appellants agreed to purchase of appellees certain real estate in the City of Covington, Kenton County, Kentucky, located at the corner of 8th Street and Madison Avenue, at the purchase price of $35,000 to be paid by appellants upon the delivery to them of a general warranty deed conveying a marketable and fee simple title. Appellees executed the deed and tendered it to appellants, whereupon appellants refused to accept the deed and pay the purchase price of the property upon the ground that there might be some question as to whether appellees were vested with fee simple title to the property. Appellees, as plaintiffs below, then brought this suit under the Declaratory Judgment Act asking for a construction of the will involved and a declaration of rights of the parties.

Appellees claim to be the owner in fee simple of the property under the will of Sally P. Paxton, who died a resident of Covington, Kenton County, Kentucky, in July 1854, and left surviving her as her only child and heir-at-law, Lydia Ann Paxton, then 13 years of age, who later married one Frank A. Blackburn, and referred to in the record as Lydia Ann Paxton Blackburn. That part of the will pertinent to the issue here involved reads as follows:

"I will and devise to my father, P. S. Bush and Charles. A. Marshall of Mason County all the remainder of my property and estate legal and equitable, real and personal now possessed by me or which I may hereafter own or possess, to be held by them in trust for the use and benefit of my daughter, Lydia Ann Paxton for the time of her natural life and after her death for the use and benefit of her children and their descendants if any living at the time of her death. * * *"

The property was held in trust for the benefit of Lydia Ann Paxton Blackburn until her death in February, 1934. There was born to the marriage of Lydia Ann Paxton Blackburn two sons, John D. Blackburn and Marshall P. Blackburn, the latter having predeceased his mother, the life tenant, leaving certain children and grandchildren, and John D. Blackburn died a bachelor, subsequent to the death of his mother, leaving as his next of kin and heirs-at-law the children and descendants of his brother Marshall P. Blackburn, who

552

heired his one-half interest in the property devised to his mother under the will of Sally P. Paxton. It is not denied, and in fact admitted, that all the appellees herein are the descendants of the children of Lydia Ann Paxton Blackburn and all of whom were living at the time of her death.

The chancellor held the will valid and that upon the death of Lydia Ann Paxton Blackburn the appellees, plaintiffs below, became invested with the fee simple title to the property and that the trust created by the will of the testatrix had served its purpose and terminated, and from that judgment appellants have prosecuted this appeal.

The only question raised by appellants in the construction of the will results from the language of the testatrix stating that her property was to be held in trust for the use and benefit of her daughter for her natural life and after her death for the use and benefit of her daughter's children and their descendants, if any living at the time of her (daughter) death. It is suggested that the language used may be construed to mean that testatrix intended that the property should be held under a continuing trust throughout the life of her daughter and in trust throughout the lives of the children and their descendants and thus invade the statute of perpetuities.

But it is to be noted that after the word "descendants" appears the language "if any living at the time of her (daughter) death." This language clearly indicates that it was the intention of the testatrix that the devise go no further than to the descendants of the children of her daughter living at the time of the death of her daughter, therefore the statute of perpetuities is not violated. Kentucky Statutes, section 2360. But on the other hand, if it be conceded that it was the intention of the testatrix to create a continuing trust for the benefit of the descendants of her daughter's children, without any limitation to time, it would not follow that the will was void as being in violation of the statute of perpetuities, but would be valid as to the descendants of the daughter's children in being or living at the time of the daughter's, life tenant, death. Chenoweth et al. v. Bullitt et al., 224 Ky. 698, 6 S. W. (2d) 1061; Moore's Trustees v. Howe's Heirs, 20 Ky. 199, 4 T. B. Mon. 199; Goggin v. Reed's Ex'r, 211 Ky. 256, 277 S. W. 268.

In Fidelity & Columbia Trust Company v. Tiffany, 202 Ky. 618, 260 S. W. 357, it is held that if the part of a testamentary trust, invalid as a perpetuity, is clearly separate from the valid portion and can be disregarded without disrupting the general scheme of the testator, or his dominant or primary purpose, then the valid portion may be upheld. Ligget et al. v. Fidelity & Columbia Trust Company et al., 274 Ky. 387, 118 S. W. (2d) 720; Holloway v. Crumbaugh et al., 275 Ky. 377, 121 S. W. (2d) 924.

It follows that the judgment of the chancellor is correct in his construction of the will and decreeing that appellants perform the contract in question. However, the question of state inheritance tax was raised and adjudicated by the chancellor, but since the Commonwealth of Kentucky is not a party to the action any adjudication of the inheritance tax would not be binding upon it, hence we need not determine that question. But in all other respects the judgment is affirmed.