## Ford et al. v. Yost et al.

Oct. 5, 1945.

V. R. Bentley for appellant.

O. T. Hinton and J. E. Sanders for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

As related in Ford v. Yost, 299 Ky. 682, 186 S. W. 2d 896, John W. Ford, Sr., died in 1924, testate, leaving three children and a large estate. We there held void the provision of his will placing the part of his estate

devised to his son, John Ford, Jr., and his children in trust for thirty years after its probate because it violated the statute and rule against perpetuities. The widow of John Ford, Jr., who died in 1936, appeals from a judgment denying her claim of dower.

The first question to be determined is the effect of the invalidity upon the devise to John Ford and his children. The part of the will relating to his devise, Item 3, begins: "I will, devise and bequeath to my beloved son, John Ford, Jr., for and during his natural life, subject to the hereinafter conditions and restrictions, and after his death to his children, the following described property." That first listed is the surface of all of testator's land on Powell Creek, in Pike County, and "the farm where I now live," subject to the right of occupancy and control by testator's widow, and "at her death said home farm or the possession thereof shall become vested in John Ford, Jr., for and during his natural life, as above provided." John should not sell, convey or encumber "his life estate," nor should it be made liable or subject to his debts. If he should undertake to violate this provision, his life estate ceased immediately and the estate in fee immediately vested in John's children. The second class of property devised consisted of several parcels of land, including mineral rights in the home place and the Powell Creek land, and certain personal property, all of which was put in trust, as above described, for the support and maintenance of John and his children. At the expiration of the period the trustee was required to settle his accounts and turn the property over to John "for life, with remainder in fee simple to his children."

As said in Johnson's Trustee v. Johnson, 79 S. W. 293, 295: "It is always held that, where the devise is valid in part and void in part, that which is good, if severable from the bad, will be allowed to stand." If the void provision is to be regarded as an essential part of the general scheme of the devise, and the dominant intent of the testator appears to be that the estate would not have been granted without the provision, all of it must fail and no part can be sustained and the estate would pass as intestate property. "But," as stated in 41 Am. Jur., Perpetuities and restraints on Alienation, Sec. 56, "where the various provisions of a will are in

fact independent and not for the carrying out of a common or general purpose, those which are contrary to the rule may be rejected and the valid provisions upheld. The test is whether the invalid parts are so interwoven with those which are valid that the former may not be eliminated without interfering with or changing in any essential the main testamentary scheme. This can usually be done when it is clear that the gifts which do not transgress the rule are so independent that it is manifest that the testator would have desired that they should stand if he had been aware of the invalidity of the rest, but if the valid and invalid gifts are so connected that the presumed wishes of the testator would be defeated if one portion was retained and other portions rejected, or if manifest injustice would result from such construction to the beneficiaries or some of them, then all the gifts must be construed together and all must be held illegal and must fall. For example, gifts of life estates have been upheld upon this principle, notwithstanding ultimate or incidental limitations violated the rule, where the testator's dominant purpose was to provide for the life tenants, and the gifts were capable of separation from the part which transgressed the rule.''

We recognize this rule and line of demarcation as between what will stand and what will fall. Fidelity & Columbia Trust Co. v. Tiffany, 202 Ky. 618, 260 S. W. 357; Tillman v. Blackburn, 276 Ky. 550, 124 S. W. 2d 755.

Is the devise of the property to John's children in remainder so intimately connected with the part which failed as to fail with it? We think not. The primary intent of the testator was to give John a life estate and the children the remainder in fee. He wanted that estate to be conserved for all of them, those in being and those which might be thereafter born. In his solicitude, he tried to extend his dead hand of protection over a period of thirty years. The law prevents that. It does not prevent the other limitations. It cannot be supposed that had the testator known of the law he would have omitted the provisions altogether and left John and his children nothing or have left the property to John in fee simple. In applying the rule against perpetuities, the estate progresses to the point where the rule begins to operate and the devise is held to create a fee in the person or persons

authorized to take it under the statutes of descent and distribution or the will. Liggett v. Fidelity & Columbia Trust Company, 274 Ky. 387, 118 S. W. 2d 720; Holoway v. Crumbaugh, 275 Ky. 377, 121 S. W. 2d 924. The rule began to operate with the death of John Ford, Jr., for a devise to one for life obviously does not offend the rule. Gray v. Gray, 300 Ky. 265, 188 S. W. 2d 440. So his children as remainder beneficiaries took the fee simple title. See also Lindner v. Ehrich, 147 Ky. 85, 143 S. W. 778; Radford v. Fidelity & Columbia Trust Company, 185 Ky. 453, 215 S. W. 285; Chenoweth v. Bullitt, 224 Ky. 698, 6 S. W. 2d 1061; Tuttle v. Steele, 281 Ky. 218, 135 S. W. 2d 436, 437. John Ford, Jr., took a life estate only and his children a fee, as is expressed over and over again in the will. That may be easily regarded as independent of the attempt to suspend the power of alienation.

It would appear that appellant recognizes all of the above except that she maintains that John should be regarded as having acquired a greater than life estate in the property, for the first or principal point stated in her brief is:

"A freehold interest as cestui que trust is now recognized as an adequate basis of dower since in many states the statutes specifically or by necessary implication provide for dower in equitable estates, or, as some authorities put it, a dowerable quality is imparted to trust estates by statutes."

We held in Ford v. Ford, 230 Ky. 56, 18 S. W. 2d 859, that John's interest in this estate could not be sold for the satisfaction of a claim of alimony, then being asserted by his first wife, because he did not have legal title.

Our statute in effect when John died, Sec. 2132, Kentucky Statutes (now KRS 392.020), gave a widow dower in property of which her deceased husband "or anyone for his * * * use was seized of an estate in fee simple during coverture" unless it had been barred, forfeited or relinquished. The authorities cited by the appellant to support the point that a widow is entitled to dower where her husband had an estate of inheritance in the use of a trust or in a trust estate are not applicable, for the estates of the husbands as beneficiaries were not mere life estates but were or would have been absolute but for

the terms of the trusts. Indeed, in both cases, legal title had been placed in others merely for security. Baker's Administratrix v. Combs, 215 Ky. 5, 284 S. W. 101; Chalk v. Chalk, 291 Ky. 702, 165 S. W. 2d 534.

As dower is but the continuance of the estate of the deceased husband, it is essential that the estate be one of inheritance, either legal or equitable. A life estate, which is all that John Ford, Jr., had, is not subject to dower. That estate ceased upon his death and title passed to his children. Bodkin v. Wright, 266 Ky. 798, 100 S. W. 2d 824.

Judgment affirmed.