McCORMACK *v.* BLANKS, et al.

No. 39948          February 13, 1956          85 So. 2d 204

*Miller & Adams*, Meridian, for appellant.

*R. B. Deen, Jr.*, Meridian, for appellees.

McGEHEE, C. J.

This is a proceeding to have construed the last will and testament of Joel E. Hall, deceased. The will was executed on November 6, 1912; the testator died December 15, 1928, and left surviving him as his heirs-at-law the following: A wife, Mrs. Octavia Hall, and five children, Morris Hall, Mrs. Sara Hall Blanks, Janie Mae Hall, Billy Hall and Eugene Hall. Billy Hall died December 19, 1936. Eugene Hall died February 4, 1947, who also left two children of his marriage to the appellant. Mrs. Octavia Hall died December 21, 1952.

The pertinent paragraphs of the will for construction are Pars. 3, 4, 5, 6, and 7.

The substance of Par. 3 is that the testator devised and bequeathed unto his wife Octavia Hall "so long as she shall remain my widow, all of the property, real, personal and mixed, of which I may die seized and possessed, * * * to have, use, manage and control the same and the income thereof as hereinafter directed; but my said wife, Octavia Hall, shall not have any power to sell or dispose of any part of the corpus of my said estate, except as hereinafter provided."

Par. 4 directs that the wife, Octavia Hall, "shall have the income and profits from all of the property of which I may die seized and possessed, so long as she shall remain my widow, and so long as all of my children shall be under the age of twenty-one years, but in case my said wife, Octavia Hall, should at any time remarry, then and in that event, all her interest in my estate and in the income or profits thereof, shall instantly cease and terminate."

Par. 5 directs that the income and profits of the estate "bequeathed to my wife, Octavia Hall, during her widowhood, shall be expended by her in the support and main-

tenance of herself and our children, so long as all of said children are minors; but that in case either or any of our said children shall reach the age of twenty-one years during the widowhood of my said wife, Octavia Hall, then she shall pay such adult child or children its proportionate part, annually, of the net income and profits of my estate after the payment of taxes and other incidental expenses, the remainder thereof to be used in the support and maintenance of herself and the remaining minor children.''

Par. 6. directs that no part of the estate shall be sold or disposed of until after the expiration of thirty years from the date of the testator's death. It is conceded that this provision is violative of the rule against perpetuities and against alienation. It is stated in 41 Am. Jur., Perpetuities and Restraints on Alienation, Sec. 3, p. 50, that ''* * * the rule against perpetuities allows the postponement of the vesting of an estate or interest for the period of lives in being and twenty-one years and the period of gestation. Hence, under this rule, no interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest. Any limitation of a future interest which violates this rule is void. In so far as the rule against perpetuities is concerned, if the limitation over must take effect at all events within a life or lives in being and twenty-one years, it is valid.'' And the rule against alinenation as stated in that text also renders void the thirty-year limitation contained in both Pars. 6 and 7. See also 70 C.J.S., Perpetuities, Sec. 21, p. 601, and Griffith, Outlines of the Law, Mississippi, p. 139.

Par. 7 directs that after all of the children shall have arrived at the age twenty-one years, the income and profits of the estate shall be divided, annually, between the wife and children, share and share alike, if she (the widow) shall remain at that time living and unmarried; and

that at the expiration of thirty years from the date of the testator's death the title of all of the property should then vest in such of the children as may have not prior thereto conveyed or attempted to convey their interest or any part thereof in the estate, if the wife shall at that time remain alive and unmarried. It is further provided therein that if the wife should be married or dead at the expiration of the thirty years, then and in that event, the title to all said property shall vest in the children as thereinbefore provided. Finally, it is stated in this paragraph that: "In case any of my children who shall survive me shall at that time be dead and shall leave heirs of their bodies, then and in that event, the lineal descendents of such deceased child shall be entitled to receive the share or interest of such deceased child."

The trial court struck down the thirty-year limitation contained in Pars. 6 and 7 of the will and undertook to construe the remainder thereof so as to effectuate the dominant purpose of the testator. It was adjudged and decreed to be the general scheme and intention of the testator that all of his property would pass to his widow and his children and their lineal descendants; that a determinable life estate should become vested in the wife upon the death of the testator, and that at her death a contingent remainder became vested in the children and the lineal descendents of any deceased child, and that this contingent remainder became vested upon the death of the wife, the vesting of the same being accelerated by her death prior to the expiration of the void limitation of thirty years from the death of the testator.

It was held in Federal Land Bank of New Orleans v. Newson, 175 Miss. 114, 161 So. 864 that: "The rule is that those portions of the will which violate the statute are rejected, while the valid portions are allowed to stand and are enforced, if practicably possible and so long as so to do will not defeat the dominant purpose of the will."

██ ██ we also think that the rules announced in Reddoch v. Williams, 129 Miss. 706, 92 So. 831; In Re Raworth's Estate, 211 Miss. 780, 52 So. 2d 661; Ferguson v. Morgan, 220 Miss. 206, 70 So. 2d 866, are applicable here, but we must agree with the chancellor that there was created a contingent remainder which vested upon the death of the wife instead of upon the death of the testator, that is to say, the vesting of the remainder in fee was contingent on the death of the widow, unless she remarried, "and at her death, the property to go to his children then living or to the lineal descendent of any children who predeceased the widow." Ford, et al. v. Yost, et al., 299 Ky. 682, 186 S. W. 2d 896; Ford, et al. v. Yost, et al., 300 Ky. 764, 190 S. W. 2d 21; Thomas v. Thomas, 97 Miss. 697, 53 So. 630; Gwin, et al. v. Hutton, et al., 100 Miss. 320, 56 So. 446; Henry, et al. v. Henderson, et al., 101 Miss. 751, 58 So. 354; Rose v. Rose, 126 Miss. 114, 88 So. 513; Nichols v. Day 128 Miss. 756, 91 So. 451; Reddoch v. Williams, 129 Miss. 706, 92 So. 831; Patterson v. Patterson, 150 Miss. 179, 116 So. 734.

We think that eliminating the thirty-year limitation, the dominant purpose and intent of the will was that the estate should go to the wife for life or during her widowhood, as the widow of the testator, and that then the remainder should go to the children then living, or to the lineal descedent or descendents of any deceased child, contingent upon whether or not they had not violated any terms of the will. It is to be conceded that Mrs. Octavia Hall did not remarry, and that at her death on December 21, 1952, none of the children or descendents of deceased children of the testator had undertaken to sell and convey their interest or any part thereof in the property involved.

██ ██ We have concluded that since the remainder created by the will was a contingent remainder, the same vested at the death of the life tenant and not at the death of the testator; and that under all of the terms

of the will, the appellant, as the widow of Eugene Hall, one of the sons of the testator, could take no part in the estate under the terms of this will. The trial court so held, and the decree appealed from must therefore be affirmed.

Affirmed.

*Hall, Lee, Holmes* and *Ethridge,* JJ., concur.