# Richmond

## THE SALVATION ARMY v. ELIZABETH SNIDER CAMPBELL, ET AL.

October 10, 1960.

Record No. 5127.

Present, All the Justices.

The opinion states the case.

*Curry Carter*, for the appellant.

*J. M. Perry*, for the National Valley Bank of Staunton, Executor, &c.

Case submitted on briefs.

SNEAD, J., delivered the opinion of the court.

This is an appeal by The Salvation Army, a corporation, appellant, from a decree entered June 13, 1959, which sustained a demurrer of The National Valley Bank of Staunton, executor of the estate of

Maude C. Snyder, deceased, appellee, to appellant's petition praying, among other things, that it be made a party defendant to a partition suit, and dismissed the petition.

John O. Snyder died intestate on August 17, 1947. His wife, Maude C. Snyder, survived him. There were no children born of this union. Included among his heirs-at-law were a half-sister, half-brother and a number of nieces and nephews. At the time of his death, Snyder was seized and possessed of fee simple title to several parcels of land in Staunton. He also was seized and possessed of an undivided one-half interest in other real estate situated there. His wife was the owner of the other undivided one-half interest. Prior to her death on March 7, 1955, Mrs. Snyder acquired from a number of Snyder's heirs their respective inherited interests in the properties.

On January 11, 1956, Elizabeth Snider Campbell and ten other heirs-at-law of Snyder, who had not conveyed their interests to Mrs. Snyder, instituted a suit for partition of the real estate. Other such heirs-at-law of Snyder, the heirs-at-law of Mrs. Snyder, and The National Valley Bank of Staunton, executor of the estate of Maude C. Snyder, deceased, were named parties defendant in the bill.

There were attached to the bill and made a part thereof Mrs. Snyder's holographic will, and her two holographic codicils. After making a number of bequests, a devise of a house and lot and expressing the hope that her home place would be sold as a whole, her will provided: "The residue of my estate to be used as a fund to aid Salvation Army and where the greatest need is felt to help those who suffer."

By decree of May 23, 1957, the cause was referred to one of the court's master commissioners, directing him to make the usual inquiries required in such cases and report thereon. The master commissioner, George M. Cochran, reported, among other things, that the real estate was not susceptible of a division and partition in kind among the owners thereof; that no one or more of the co-owners was willing to take an assignment of the real estate and pay the others such sums as their interests might entitle them to, and that the interests of those entitled as co-owners would be promoted by a sale of all the real estate and a division of the proceeds. He further reported that he was "satisfied that all necessary and proper parties had been impleaded." No exceptions having been taken to the report, it was on December 6, 1958, ratified, approved and confirmed.

The properties involved, as described in the decree of sale entered

December 6, 1958, are situated in Staunton "on Thornrose, Dupont and Guilford Avenues, Lots Nos. Five (5) and Six (6), with the improvements thereon, and the unimproved lot 'B', and Lot No. Seven (7), all of the Stratton plat, and Lots Nos. One (1), Two (2), Three (3), Four (4), Five (5), Six (6), and Seven (7) in Block No. Nine (9), of the Lakeview plat." They were ordered to be sold at public auction to the highest bidder and three special commissioners were appointed for that purpose. The sale was conducted on March 14, 1959, and the properties were sold for the aggregate sum of $33,475. On March 17, 1959, the court confirmed the sales to the several purchasers, appointed G. H. Branaman a special commissioner (referred to later in the proceedings as "Bonded Commissioner") to convey the properties to the purchasers upon payment of the purchase money, and recommitted the cause to the master commissioner for a report of the costs and expenses of the suit and sale, and how and to whom the net fund in the hands of the special commissioner should be distributed.

On May 16, 1959, The Salvation Army filed its petition praying that it be made a party defendant to the proceeding. Petitioner alleged, *inter alia*, that on February 17, 1956, Annie B. Miller instituted a suit in the Corporation Court of the City of Staunton, under the style of "Annie B. Miller v. National Valley Bank of Staunton, Virginia, Executor of Maude C. Snyder, et al." for the construction of certain provisions of the will of Maude C. Snyder; that The Salvation Army was made a party defendant to the suit; that The National Valley Bank of Staunton answered and united in the prayer of the bill; that the only other answer filed was that of Stuart Nicholas Peyton stating that he was the devisee under Mrs. Snyder's will of the house and lot known as 627 Baptist Alley in Staunton, and that the court sustained its demurrer to the bill by decree of November 28, 1958, as corrected by decree of December 5, 1958, with leave granted complainant to amend within a reasonable period, but due to illness and subsequent death of counsel for complainant the "proceeding has lain dormant."

Petitioner also alleged that it was not made a party to the instant suit even though a copy of Mrs. Snyder's will was filed as exhibit with the bill; that it did not receive notice of the master commissioner's hearing; that the commissioner's finding that "there had been no disposition of the real estate in the Testatrix's will" and his determination of who were the owners of it at the time of Mrs. Snyder's

death, as well as other items reported upon, affected petitioner's interest, and that it had no notice of the entry of the decree on December 6, 1958, ratifying, approving and confirming the report of the master commissioner, and directing sale of the properties.

Petitioner further alleged that on the face of the pleadings there is doubt and uncertainty as to the validity of the various acts done and decrees entered in this suit, and that no further proceedings should be taken until its rights and interests have been decided either in the present suit or in the suit pending for the construction of Mrs. Snyder's will.

The prayer of the petition reads:

"WHEREFORE, your Petitioner prays that it may be made a party defendant to this proceeding * * *, and that such omissions and/or deficiencies in said case as may appear to exist may be supplied and/or corrected so as to legalize, if necessary, all acts and things done and Decrees and Orders heretofore entered in this cause; specifically, that your Petitioner may be granted leave to make such exception or exceptions to such Orders, Decrees and Reports herein as it may be advised should be made; and that your Petitioner's interest may be determined and adjudged and fully protected herein."

Appellee, The National Valley Bank of Staunton, executor etc., filed a demurrer to the petition, the main ground alleged being that petitioner is without legal estate or interest in the lands sought to be partitioned and was therefore not entitled to be made a party to the proceeding.

By decree of June 13, 1959, the demurrer was sustained, appellant's motion that it be admitted as a party defendant to the cause was denied and the petition was dismissed.

In compliance with the decree of March 17, 1959, the master commissioner filed his second report on June 16, 1959. He reported that costs and expenses in the amount of $3,909.26 should be paid from the proceeds of the sale of the properties, and that insofar as those persons claiming interests in the Maude C. Snyder real estate either under her will, or as her heirs-at-law are concerned he inadvertently exceeded his authority in his first report where he found there was no disposition of her real estate in the will and the properties passed to her heirs-at-law. He pointed out that other litigation was pending which will construe Mrs. Snyder's will and determine who, if anyone, takes under the will her interests in the real estate sold in this proceeding. He further reported that the bonded com-

missioner could pay the distributive shares amounting to $5,045.52 to those heirs of John O. Snyder who had not conveyed their interests in the properties to Mrs. Snyder, and that the balance of $24,520.22, which constitutes a part of Maude C. Snyder's estate should be retained by the bonded commissioner pending the outcome of other litigation in which her will is sought to be construed.

Appellee, The National Valley Bank of Staunton, executor etc., excepted to that part of the report which recommended the fund be retained by the bonded commissioner, contending that it, as executor of Mrs. Snyder's estate, was entitled to the fund because the proceeds of sale is deemed personal estate. Section 8-699, 1957 Replacement Vol. 2, Code 1950. The court by decree of June 23, 1959, sustained appellee's exception and confirmed the report in all other respects. The bonded commissioner reported he had distributed the funds in his hands in accordance with the decree, his report was confirmed and the cause was dismissed from the docket as ended.

Appellant's assignment of error reads:

"The Court erred in denying the Motion of The Salvation Army to become a party defendant to said cause when the said The Salvation Army was a necessary party thereto and thus it was deprived of its right to protect its interest in said cause, which interest grows out of the provisions of the residuary clause in the will of Mrs. Maude C. Snyder, which will is an exhibit and a part of the pleadings in said cause."

Section 8-690, 1957 Replacement Vol. 2, Code 1950 provides:

"Tenants in common, joint tenants, and coparceners shall be compellable to make partition; and a lien creditor or any owner of undivided estate in real estate may also compel partition for the purpose of subjecting the estate of his debtor or the rents and profits thereof to the satisfaction of his lien. Any court having general equity jurisdiction of the county or corporation wherein the estate or any part thereof, is, shall have jurisdiction in cases of partition, and in the exercise of such jurisdiction may take cognizance of all questions of law affecting the legal title that may arise in any proceedings, between such tenants in common, joint tenants, coparceners and lien creditors."

Appellant argues that it is the sole beneficiary under the aforesaid residuary clause of testatrix's will. Appellee controverts this contention and says that the clause is to be construed in the pending suit for a construction of her will. Without attempting to construe

the meaning of that clause, we do say that whatever interest appellant might have must be derived from it.

It is said in Lile's Equity Pleading and Practice, 3rd Ed., § 363, p. 209:

"The question of necessary parties to partition suits will depend somewhat on the ultimate outcome contemplated. Of course, every person having or claiming an interest in the estate is a necessary party. * * *."

In 68 C. J. S., Partition, § 75q, pp. 119, 120, it is stated:

"For obvious reasons, persons having no title or interests in lands sought to be partitioned are neither necessary nor proper parties to a partition action or suit. * * *." See also *Shoup* v. *Cummins*, 334 Ill. 539, 166 N.E. 118, 65 A. L. R. 887.

In *Trumbo* v. *Sanford*, 305 Ky. 231, 203 S. W. 2d 22, it was held, among other things, that a legatee who was bequeathed money under the will of a co-owner of real estate was not a necessary party to a suit for partition of the property, notwithstanding there was a deficiency in his bequest, since the legatee had no interest in the realty but could only become interested by asserting a lien against it for the deficiency.

Appellant was not a tenant in common, joint tenant, coparcener, lien creditor or owner of an undivided estate in the real estate involved herein and consequently could not, under our statute, compel partition. As a general rule, a partition suit concerns only those persons who are interested in the real estate and no other persons are necessary parties. Appellant is without legal estate or interest in the lands. It it manifest that appellant's interest, if any, is not a charge upon testatrix's real estate. Any claim of interest it might have is in the fund left after payment of costs, expenses, taxes, debts and legacies. Moreover, it is possible that after payment of these items there will be no funds left for the residuary clause. We hold that appellant was not a necessary party to this proceeding.

For the reasons given, the decree appealed from is affirmed.

*Affirmed.*